[No. 57295-4-I.   Division One.   January 7, 2008.]

*In the Matter of the Personal Restraint of* LARNEL WEBB LOFTON, *Petitioner.*

---

*Casey Grannis* (of *Nielsen, Broman & Koch, PLLC*) for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Ann M. Summers, Deputy*, for respondent.

¶1 ELLINGTON, J. — Former RCW 9.94A.525(14) (2002) provides that "[i]f the present conviction is for . . . Escape

2 . . . , count adult prior convictions as one point and juvenile prior convictions as ½ point." Other sections of the same statute require that "each conviction" be counted. We hold this difference in language does not reflect a legislative intent that all priors be counted together as a single point when calculating offender scores for escape crimes. We therefore deny Larnel Lofton's personal restraint petition.

## BACKGROUND

¶2 In June 2004, Lofton pleaded guilty to second degree burglary in King County, and the court imposed a drug offender sentencing alternative (DOSA). In November 2004, Lofton pleaded guilty to second degree escape and the court imposed another DOSA sentence to run concurrently with the burglary DOSA. In August 2005, he again pleaded guilty to second degree escape. Based on its calculation of an offender score of 14, the court imposed 51 months of confinement to run consecutively to the burglary sentence.

¶3 Lofton filed a personal restraint petition, contending the court lacked the authority to impose a DOSA for the burglary and miscalculated his offender score for the escape convictions. His petition was referred for oral argument before a panel of judges pursuant to RAP 16.11(c).

## DISCUSSION

¶4 To prevail in a personal restraint petition, the petitioner must establish either (1) actual and substantial prejudice arising from constitutional error or (2) non-constitutional error that inherently results in a "complete miscarriage of justice." *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). A miscalculated offender score constitutes a fundamental defect which results in a complete miscarriage of justice. *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997); RAP 16.4(c)(2).

¶5 The sole basis for Lofton's argument is that other subsections of the offender score statute use the word

"each" to modify "prior conviction," while the subsection governing escape does not. For example, former RCW 9.94A.525(7) (2002) instructs courts to "count one point for *each* adult prior felony conviction and one point for *each* juvenile prior violent felony conviction and ½ point for *each* juvenile prior nonviolent felony conviction." (Emphasis added.) *See also* former RCW 9.94A.525(8)-(12), (15), (16) (2002). Former RCW 9.94A.525(14) (2006) provides simply, "If the present conviction is for . . . Escape 2 . . . , count adult prior convictions as one point and juvenile prior convictions as ½ point."[1] Lofton argues that the absence of the word "each" demonstrates a legislative intent that all prior adult convictions count as a single point when calculating the offender score for escape. He thus contends his score for both escape convictions was 1, not 14.

¶6 We review questions of statutory interpretation de novo. *State v. Roggenkamp*, 153 Wn.2d 614, 621, 106 P.3d 196 (2005). We first attempt to effectuate the plain meaning of the words used by the legislature, examining each provision in relation to others in search of a consistent construction of the whole. *Advanced Silicon Materials, LLC v. Grant County*, 156 Wn.2d 84, 89-90, 124 P.3d 294 (2005). We consult outside sources and apply the rules of statutory construction only if the statute is ambiguous, meaning that it is susceptible to more than one reasonable interpretation. *Dep't of Transp. v. State Employees' Ins. Bd.*, 97 Wn.2d 454, 458, 645 P.2d 1076 (1982); *Harmon v. Dep't of Soc. & Health Servs.*, 134 Wn.2d 523, 530, 951 P.2d 770 (1998).

¶7 There is no ambiguity here. When interpreted in relation to sections of the same statute and other statutes in the Sentencing Reform Act of 1981, chapter 9.94A RCW, former RCW 9.94A.525(14) (2002) clearly requires that every prior conviction be counted individually.

¶8 First, former RCW 9.94A.525(5)(a)(2002), which applies to all offender scores, provides, "In the case of multiple

---

[1] Former RCW 9.94A.525(14) was recodified as RCW 9.94A.525(15) in 2007. We cite to the statute as it existed at the time of Lofton's sentencing. Laws of 2007, ch. 116, § 1.

prior convictions, for the purpose of computing the offender score, count all convictions separately." This is a controlling statement of legislative intent. Second, offender scores must be rounded down to the nearest whole number,[2] so counting juvenile adjudications as a half-point in total would never affect the score and, in effect, would never "count." Yet the legislature expressly contemplated they would. Lofton's interpretation renders this part of subsection 14 meaningless. Third, escape crimes are assigned a seriousness level and are included on the sentencing grid of RCW 9.94A.510. *See* RCW 9.94A.515 (first degree escape assigned a seriousness level of four; second degree escape assigned a seriousness level of three). This too would be pointless if all prior adult convictions totaled one point because in that case, only two standard range sentences would be possible: one to three months based on an offender score of 0, or three to eight months based on an offender score of 1. Further, another section also omits the "each." Former RCW 9.94A.525(9) provides, "If the present conviction is for a serious violent offense, count three points for prior adult and juvenile convictions for crimes in this category." Clearly the legislature did not intend to count all serious violent priors as one where the present conviction is also a serious violent offense.

¶9 There is only one reasonable interpretation of former RCW 9.94A.525(14), and the minor difference in the language between subsection 14 and other subsections does not suggest a difference in legislative intent.

¶10 Lofton refers us to *State v. Delgado*, 148 Wn.2d 723, 725, 728, 63 P.3d 792 (2003), where the court refused to count statutory rape as a strike crime because it was not specifically listed in the then-existing two strike statute. The court explained that it gives criminal statutes "a literal and strict interpretation" and cannot "add words or clauses to an unambiguous statute." *Id.* at 727. The court held that even if the omission were a legislative error as the State

---

[2] Former RCW 9.94A.525.

argued, the court was not obliged to fix it because the omission did not make the statute entirely meaningless.

¶11 But here we are interpreting the words as they exist, not adding language to the statute. Moreover, the statute at issue in *Delgado* did not have another subsection expressly providing that statutory rape was a strike crime.

¶12 In light of the other sections of the Sentencing Reform Act, the meaning of former RCW 9.94A.525(14) is plain: prior convictions are to be counted individually when calculating the offender score for escape.

¶13 The court did not err in calculating Lofton's offender score; his personal restraint petition is denied.

SCHINDLER, A.C.J., and AGID, J., concur.