[No. 37392-1-II.   Division Two.   April 7, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. TRAVIS LEE COMBS, *Appellant*.

*John A. Hays*, for appellant.

*Susan I. Baur, Prosecuting Attorney*, and *Jason H. Laurine, Deputy*, for respondent.

¶1 HOUGHTON, J. — Travis Combs appeals the sentence imposed on his first degree escape conviction, arguing that the trial court erred in calculating his offender score. Because the trial court correctly interpreted RCW 9.94A-.525(15) in counting all of his prior convictions, we affirm.

## FACTS

¶2 Combs pleaded guilty to first degree escape, in violation of RCW 9A.76.110(1), after failing to return to a work release facility. In his plea statement, he admitted to the charge, waived his right to appeal, and agreed to an of-

fender score in excess of 9.[1] The trial court, counting his 20 prior convictions, calculated his offender score in excess of 9 and imposed a low end standard range sentence of 63 months' incarceration. He appeals.

## ANALYSIS

¶3 Combs contends that the trial court erred in sentencing him. He asserts that the trial court misinterpreted RCW 9.94A.525(15) and should not have individually counted his 20 prior felonies.

¶4 We review questions of statutory construction de novo. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). When faced with an unambiguous statute, we discern the legislature's intent from the plain language alone. *Jacobs*, 154 Wn.2d at 600. We derive the plain meaning from "the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *Jacobs*, 154 Wn.2d at 600. We also presume that the legislature does not include superfluous language. *State v. Roggenkamp*, 153 Wn.2d 614, 624-25, 106 P.3d 196 (2005). Thus, we turn to a review of the statutes at issue here.

¶5 RCW 9.94A.525 sets forth the calculation of offender scores. When faced with multiple prior convictions, the statute directs the trial courts to count *all* convictions separately, except acts encompassing the same criminal conduct and those committed before July 1, 1986.[2] RCW 9.94A.525(5)(a)(i), (ii).

---

[1] Before sentencing, Combs filed a memorandum contesting his offender score calculation, but he did not raise the issue at the sentencing hearing.

[2] These exceptions do not apply here. RCW 9.94A.525(5)(a)(ii) sets forth a different calculation for crimes occurring before July 1, 1986.

¶6 RCW 9.94A.525(7) further provides:

> If the present conviction is for a nonviolent offense[3] and not covered by subsection (11), (12), or (13)[4] of this section, count one point for each adult prior felony conviction and one point for each juvenile prior violent felony conviction and 1/2 point for each juvenile prior nonviolent felony conviction.

More specifically, when sentencing a first degree escape conviction, RCW 9.94A.525(15) directs the trial court to "count adult prior convictions as one point and juvenile prior convictions as 1/2 point."

¶7 Combs argues that RCW 9.94A.525(15) requires the trial court to count all of his prior convictions as one point. He asserts that RCW 9.94A.525(7) directs the trial court to count "each" prior adult and juvenile conviction, whereas RCW 9.94A.525(15) does not. Therefore, he contends the legislature intended that all prior adult convictions total one point under RCW 9.94A.525(15) and all prior juvenile convictions total ½ point.

¶8 Division One recently addressed this issue and decided contrary to Combs's argument.[5] *In re Pers. Restraint of Lofton*, 142 Wn. App. 412, 415, 174 P.3d 703 (2008). The *Lofton* court's reasoning persuades us and we adopt it.

¶9 As the *Lofton* court noted, the legislature set forth its general intent to count all prior felonies individually when it enacted RCW 9.94A.525(5)(a), directing trial courts to

---

[3] The sentencing statutes classify first degree escape as a nonviolent offense. *See* former RCW 9.94A.030(30) (defining "nonviolent offenses"), (50) (defining "violent offenses") (2006).

[4] These exceptions do not apply here and include (11) felony traffic offenses, (12) homicide or assault by watercraft, and (13) manufacture of methamphetamines.

[5] Although the Division One *Lofton* court apparently analyzed RCW 9.94A-.525(14), in effect at the time of sentencing rather than the date of the offense, the statutes used in the court's analysis did not change after the offense; therefore, its reasoning remains valid. *In re Pers. Restraint of Lofton*, 142 Wn. App. 412, 415 n.1, 174 P.3d 703 (2008); *see State v. Varga*, 151 Wn.2d 179, 191, 86 P.3d 139 (2004) ("We have repeatedly held that sentencing courts must 'look to the statute in effect at the time [the defendant] committed the [current] crimes' when determining defendants' sentences." (alterations in original) (quoting *State v. Delgado*, 148 Wn.2d 723, 726, 63 P.3d 792 (2003))).

"count all convictions separately." 142 Wn. App. at 415-16. Moreover, subsection (15) is not an exception to subsection (7), which covers nonviolent offenses, as Combs argues. Subsection (7) does not include subsection (15) in its exceptions, and subsection (7) simply reiterates the general policy of counting prior convictions individually as set forth in RCW 9.94A.525(5)(a).[6]

¶10 Finally, Combs's interpretation of RCW 9.94A-.525(15) would also render multiple portions of the Sentencing Reform Act of 1981, chapter 9.94A RCW, superfluous. Regardless of the number of prior convictions, each offender score would total one.[7] For individuals with prior convictions, only one standard sentencing range would result for a first degree escape conviction instead of one of the nine ranges contemplated by the legislature. This would render the sentencing grid meaningless. RCW 9.94A.510, .515; *see Lofton*, 142 Wn. App. at 416.

¶11 We hold that RCW 9.94A.525(15) unambiguously directs trial courts to count prior offenses individually when calculating offender scores. Combs's argument fails.

## STATEMENT OF ADDITIONAL GROUNDS[8]

¶12 Combs argues that he did not have the requisite intent to commit first degree escape. When he pleaded guilty, he waived his right to appeal this issue. *State v. De Rosia*, 124 Wn. App. 138, 143, 100 P.3d 331 (2004).

¶13 Affirmed.

PENOYAR, A.C.J., and QUINN-BRINTNALL, J., concur.

---

[6] Combs also argues that we must read RCW 9.94A.525(14) together with subsection (15) and find them both exceptions to RCW 9.94A.525(5)(a). When sentencing on escape from community custody, subsection (14) directs the trial court to count only prior escape convictions in calculating the offender score. His argument does not persuade us because the trial court still must count all of the prior escape convictions.

[7] Under Combs's interpretation, all prior juvenile convictions would count as only one prior conviction, totaling ½ point, which the court would round down to zero. RCW 9.94A.525.

[8] RAP 10.10(a).