[No. 61258-1-I.   Division One.   August 3, 2009.]

THE STATE OF WASHINGTON, *Petitioner*, v. COLLEEN K. ANDERSON, *Respondent*.

398

*Daniel T. Satterberg, Prosecuting Attorney,* and *Deanna J. Fuller* and *Peter D. Lewicki, Deputies,* for petitioner.

*Christine A. Jackson* (of *The Public Defender*) and *Devon C. Knowles,* for respondent.

¶1 LEACH, J. — Under RCW 46.20.342(1)(a), the mandatory minimum penalty for a person who has three or more convictions for driving while license invalidated in the first degree (DWLS 1) is punishment "by imprisonment for not less than one hundred eighty days." Colleen Anderson, who had four prior DWLS 1 convictions occurring more than seven years ago, received a 180-day term of imprisonment for her current DWLS 1 conviction and asked to serve her term on electronic home monitoring (EHM). We must decide whether RCW 46.20.342(1)(a) permits the sentencing court to convert all or part of the minimum term of imprisonment to EHM and whether the statute allows the court to consider prior DWLS 1 convictions more than seven years old in determining whether a defendant is a repeat offender. Because the word "imprisonment" is ambiguous and the rule of lenity requires that we interpret any ambiguity in favor of the defendant, we hold that a sentencing court may convert all or part of a minimum term of imprisonment to EHM. We also hold that the court may consider DWLS 1 convictions over seven years old in determining a defendant's repeat offender status since the plain language of RCW 46.20.342(1)(a) contains no temporal limitation.

## Background

¶2 On March 6, 2006, Anderson was charged with DWLS 1, arising out of an incident on December 13, 2005. The

district court found Anderson guilty as charged. In determining Anderson's mandatory minimum sentence, the parties agreed that RCW 46.20.342, unlike RCW 46.61.5055, the statute establishing penalties for persons convicted of driving under the influence (DUI), did not contain a seven-year limitation period for including prior DWLS 1 convictions. As a result, the district court imposed a mandatory minimum sentence of 180 days based on Anderson's criminal history, which included four prior DWLS 1 convictions occurring more than seven years earlier.

¶3 Pointing to significant changes in her personal life, Anderson requested the district court to convert her term of imprisonment to EHM. The district court denied her request, stating that RCW 46.20.342 did not permit conversion of Anderson's imprisonment term to EHM. The court reasoned that RCW 46.20.342, unlike RCW 46.61.5055, did not expressly provide for EHM as an alternative to imprisonment.

¶4 On January 25, 2008, the superior court, on RALJ appeal, affirmed in part and reversed in part the district court's sentence:

1. The trial court properly calculated the defendant's mandatory minimum sentence as 180 days in jail because she was found guilty of DWLS 1 and had four previous convictions for the same offense. The relevant language of RCW 46.20.342(1) is unambiguous and not subject to judicial interpretation: "Upon the third or subsequent conviction [for driving while license suspended/revoked in the first degree], the person shall be punished by imprisonment for not less than one hundred eighty days." The DWLS 1 sentencing statute is not altered by the DUI sentencing statute. The unambiguous statute is not subject to the rule of lenity.

2. The trial court erred in deciding that the 180-day minimum term could not be served on electronic home monitoring. The Legislature has not defined the terms "confinement" or "imprisonment." Both terms connote a restriction on liberty. The law does not expressly preclude the imposition of electronic home monitoring for all or part of the

180-day minimum term. The trial court is not required to impose EHM, but is permitted to convert all or part of the 180-day term to EHM.

¶5 The State sought discretionary review of the superior court's decision regarding conversion of imprisonment to EHM, and a commissioner of this court granted this request. The commissioner also referred to the panel Anderson's motion seeking discretionary review of the superior court's decision that RCW 46.20.342 contains no implied seven-year limitation period for including prior DWLS 1 convictions.

## Standard of Review

■■ ¶6 Statutory construction issues are reviewed de novo.[1] In reading statutes, our duty is to ascertain and carry out the intent and purpose of the legislature.[2] If the meaning of a statute is plain on its face, then we must give effect to that meaning.[3] We derive the plain meaning from " 'the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.' "[4] If the language of the statute is plain, the court's inquiry ends.[5]

## Discussion

### I. Conversion of Imprisonment to EHM

¶7 We first address whether the superior court correctly decided that RCW 46.20.342 permitted the district court to

---

[1] *City of Seattle v. Quezada*, 142 Wn. App. 43, 47, 174 P.3d 129 (2007) (citing *State v. Hahn*, 83 Wn. App. 825, 831, 924 P.2d 392 (1996)).

[2] *Belleau Woods II, LLC v. City of Bellingham*, 150 Wn. App. 228, 240, 208 P.3d 5 (2009).

[3] *Belleau Woods*, 150 Wn. App. at 240.

[4] *State v. Combs*, 149 Wn. App. 556, 558, 204 P.3d 264 (2009) (quoting *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)).

[5] *Belleau Woods*, 150 Wn. App. at 240 (citing *Cerrillo v. Esparza*, 158 Wn.2d 194, 205-06, 142 P.3d 155 (2006)).

convert all or part of Anderson's term of imprisonment to EHM.

¶8 Our trial courts have great discretion in imposing sentences within the statutory limits for misdemeanors and gross misdemeanors. This broad discretion is consistent with the tradition in American criminal jurisprudence affording wide latitude to sentencing judges on grounds that " 'the punishment should fit the offender and not merely the crime.' "[6] While the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, places substantial constraints on this historical discretion in felony sentencing, no similar legislation restricts the trial court's discretion in sentencing for misdemeanors or gross misdemeanors.[7] For gross misdemeanors, courts may impose any sentence up to one year in jail.[8] Sentences may be suspended or deferred with conditions, imposed consecutively, and may even exceed the standard range for a comparable felony.[9]

¶9 In light of this wide discretion, we turn to the provision at issue here, RCW 46.20.342(1)(a), which establishes the mandatory minimum term of imprisonment for DWLS 1 offenders. It provides in part:

> A person found to be an habitual offender under chapter 46.65 RCW, who violates this section while an order of revocation issued under chapter 46.65 RCW prohibiting such operation is in effect, is guilty of driving while license suspended or revoked in the first degree, a gross misdemeanor. Upon the first such

---

[6] *State v. Herzog*, 112 Wn.2d 419, 423-24, 771 P.2d 739 (1989) (quoting *Williams v. New York*, 337 U.S. 241, 247, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949)).

[7] *Wahleithner v. Thompson*, 134 Wn. App. 931, 941, 143 P.3d 321 (2006) ("The SRA represents a significant limitation on judicial discretion, and as a determinate system, permits none of the sentencing flexibility available for misdemeanors."); *see also* 13B SETH A. FINE & DOUGLAS J. ENDE, WASHINGTON PRACTICE: CRIMINAL LAW § 4201, at 449 (2d ed. 1998) ("For misdemeanors and gross misdemeanors, sentencing courts retain broad discretion, similar to that exercised for felonies under the former indeterminate sentencing statutes. . . . No guidelines limit the court's discretion in selecting a sentence.").

[8] RCW 3.66.060; RCW 9A.20.021(2); RCW 9.92.020; RCW 9.95.210(2).

[9] *See Wahleithner*, 134 Wn. App. at 939; *Mortell v. State*, 118 Wn. App. 846, 852, 78 P.3d 197 (2003); *State v. Bowen*, 51 Wn. App 42, 45-47, 751 P.2d 1226 (1988).

conviction, the person shall be punished by imprisonment for not less than ten days. Upon the second conviction, the person shall be punished by imprisonment for not less than ninety days. *Upon the third or subsequent conviction, the person shall be punished by imprisonment for not less than one hundred eighty days.*[10]

The parties dispute the meaning of the term "imprisonment," which is not defined in the statute. Anderson argues that, in the absence of a statutory definition, "imprisonment" must be assigned its ordinary meaning, which is "confinement" according to dictionary definitions.[11] Relying on the SRA and case law defining EHM as partial confinement, Anderson contends that "imprisonment" includes EHM.[12] The State, on the other hand, argues that "imprisonment" means "to put in prison"[13] and has been defined by the legislature as excluding EHM. The State contends that when the legislature has intended to allow EHM as imprisonment, it has expressly so stated. As an example, it points to RCW 46.61.5055(1)(a)(i), which expressly provides that courts sentencing first-time DUI offenders may impose 15 days of EHM in lieu of one day of imprisonment.

¶10 In interpreting "imprisonment" in RCW 46.20-.342(1)(a), we must consider that the legislature has not restricted the trial court's historical discretion in imposing

---

[10] (Emphasis added.)

[11] Anderson relies on the dictionary definition of "imprison," stating that the word means "[t]o put in or as if in prison; confine." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 822 (4th ed. 2000).

[12] Former RCW 9.94A.030(32) (2005) ("Partial confinement includes work release, home detention, work crew, and a combination of work crew and home detention."); former RCW 9.94A.030(27) (2005) (" 'Home detention' means a program of partial confinement available to offenders wherein the offender is confined in a private residence subject to electronic surveillance."); *see also State v. Speaks*, 119 Wn.2d 204, 208-09, 829 P.2d 1096 (1992) (holding that EHM constitutes home detention under the SRA); *State v. Swiger*, 159 Wn.2d 224, 228, 149 P.3d 372 (2006) (citing *Speaks* for the proposition that EHM constitutes home detention).

[13] The State focuses on another dictionary definition of "imprison," which states that the word means "to put in prison : confine in a jail." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1137 (1993).

sentences for gross misdemeanors, as opposed to felonies.[14] Anderson's interpretation of imprisonment produces a reading of RCW 46.20.342 that comports with this history, while the State's interpretation does not. Moreover, various sentencing provisions for gross misdemeanors demonstrate that the legislature is clear when specifying that "imprisonment" means confinement in a particular location. For example, RCW 3.66.060, which governs criminal jurisdiction of district courts, provides:

> The district court shall have jurisdiction: (1) Concurrent with the superior court of all misdemeanors and gross misdemeanors committed in their respective counties and of all violations of city ordinances. It shall in no event impose a greater punishment than a fine of five thousand dollars, or *imprisonment for one year in the county or city jail* as the case may be, or both such fine and imprisonment, unless otherwise expressly provided by statute.[15]

Similarly, RCW 9A.20.021(2), which establishes the maximum sentences for crimes committed on or after July 1, 1984, states:

> Every person convicted of a gross misdemeanor defined in Title 9A RCW shall be punished by *imprisonment in the county jail for a maximum term fixed by the court of not more than one year*, or by a fine in an amount fixed by the court of not more than five thousand dollars, or by both such imprisonment and fine.[16]

Unlike RCW 3.66.060 and RCW 9A.20.021(2), "imprisonment" in RCW 46.20.342 is not modified by the words "in the county or city jail" or "in the county jail." Because courts should assume that the legislature " 'means exactly what it says,' "[17] the absence of similar language in RCW 46.20-

---

[14] *State v. Besio*, 80 Wn. App. 426, 431, 907 P.2d 1220 (1995) ("By its stated purpose and substantive provisions, the SRA scheme applies solely to felony convictions.").

[15] (Emphasis added.)

[16] (Emphasis added.)

[17] *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003) (quoting *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 964, 977 P.2d 554 (1999)).

.342(1)(a) indicates that the legislature intended to allow the trial courts to continue exercising their historical discretion by converting all or part of a term of imprisonment to EHM.

¶11 The State maintains that the DUI sentencing scheme shows that the legislature intended to prohibit EHM conversion under RCW 46.20.342(1)(a). The State specifically relies on RCW 46.61.5055(1)(a)(i), which contains language permitting a court to convert a term of imprisonment to EHM for the first DUI offense. For persons without any statutorily designated prior offenses within seven years and whose blood alcohol concentration was less than 0.15, RCW 46.61.5055(1)(a)(i) provides, "In lieu of the mandatory minimum term of imprisonment required under this subsection (1)(a)(i), the court may order not less than fifteen days of electronic home monitoring."[18] But this language only establishes the appropriate proportion for EHM conversion; it does not define "imprisonment" in a way that excludes EHM as a form of imprisonment. The State further ignores that this language was added in 1998, seven years after the adoption of RCW 46.20.342(1)(a).[19] Moreover, a new subsection to RCW 46.61.5055 was added in 1998, limiting the EHM provisions of the DUI sentencing scheme: *"For purposes of this section: . . . 'Electronic home monitoring' shall not be considered confinement as defined in RCW 9.94A.030."*[20] These reasons undermine the State's contention that RCW 46.61.5055(1)(a)(i) provides guidance for interpreting imprisonment in RCW 46.20.342(1)(a). Rather, the DUI sentencing scheme, with its detailed EHM provisions, represents an exception to the general rule that trial courts have broad discretion in imposing sentences for gross misdemeanors.

---

[18] RCW 46.61.5055(1)(a)(i).

[19] Laws of 1998, ch. 206, § 1; Laws of 1991, ch. 293, § 6.

[20] Laws of 1998, ch. 214, § 1(8) (emphasis added). While this subsection was removed in 1999, extensive provisions regarding waiver of EHM requirements were added. Laws of 1999, ch. 5, § 1. This legislative activity reflects the legislature's specific focus on the DUI sentencing statute, rather than its attempt to curb judicial discretion under the DWLS 1 sentencing statute.

¶12 The State's interpretation of imprisonment is further weakened by its concession at oral argument. The State conceded that RCW 46.20.342 permits courts to order work release as an alternative to imprisonment and that this alternative amounts to something less than the total confinement it contends the statute requires. But the State is neither able to explain the logical inconsistency of this concession nor able to provide a persuasive basis for distinguishing work release and EHM.

¶13 For all of the above reasons, Anderson's interpretation of imprisonment in RCW 46.20.342(1)(a) is more persuasive than the interpretation advanced by the State. Still, the competing authority cited by the parties demonstrates the ambiguity in the word. Because we conclude that imprisonment in RCW 46.20.342(1)(a) is ambiguous, the rule of lenity applies, which dictates a construction of the statute most favorable to Anderson.[21] We therefore interpret RCW 46.20.342(1)(a) as permitting a trial court to convert all or part of a term of imprisonment to EHM. The superior court correctly ruled that Anderson's 180-day term could be served in whole or in part on EHM.

## II. Implied Seven-Year Limitation Period

¶14 The second issue that we must decide is whether the district court erred when it imposed a mandatory minimum sentence of 180 days based on Anderson's four prior DWLS 1 convictions occurring more than seven years ago. Conceding that RCW 46.20.342(1)(a) does not contain any language regarding a seven-year limitation period for including prior DWLS 1 convictions, Anderson urges this court to read an implied seven-year limitation period on two grounds. First, Anderson argues that under

---

[21] *State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996) ("The rule of lenity provides that where an ambiguous statute has two possible interpretations, the statute is to be strictly construed in favor of the defendant." (citing *State v. Gore*, 101 Wn.2d 481, 486, 681 P.2d 227 (1984); *State v. Sass*, 94 Wn.2d 721, 726, 620 P.2d 79 (1980))).

*State v. Danner*[22] the statute must be "harmonized" with RCW 46.61.5055(1), which expressly provides for a seven-year limitation period for statutorily designated prior offenses.[23] Second, Anderson argues that the failure to construe an implied seven-year limitation period produces the absurd result of treating a person who is convicted of two DWLS 1 offenses within 30 years the same as a person who is convicted of two DWLS 1 offenses within six months.

¶15 In response, the State asserts that Anderson has waived her claim because she failed to raise this issue in the district court. We agree. Our review of the record shows that Anderson agreed with the district court conclusion that RCW 46.20.342 did not have any seven-year limitation period and that the proper mandatory minimum sentence was 180 days.

¶16 Even if we were to review Anderson's claim, both of her arguments fail. Anderson's first argument regarding harmonization fails because her reliance on *Danner* is misplaced. In that case, the court reasoned that the harmonization of three overlapping statutes was necessary because none of the statutes addressed the particular factual situation at issue:

> RCW 46.20.342 describes the penalties [for DWLS 1 offenders], while RCW 46.65.070 and RCW 46.65.100 are concerned with the procedures for reinstatement. There is not, however, language harmonizing the three statutes for situations such as here, . . . where the period of suspension has run, but the driver has not taken the steps necessary to have his or her driver's license reinstated.[24]

Here, there is no need for language harmonizing RCW 46.20.342 and RCW 46.61.5055 because, unlike in *Danner*, RCW 46.20.342 specifically addresses Anderson's situation:

---

[22] 79 Wn. App. 144, 900 P.2d 1126 (1995).

[23] Former RCW 46.61.5055(13)(b) (2007) explains that " '[w]ithin seven years' means that the arrest for a prior offense occurred within seven years of the arrest for the current offense."

[24] *Danner*, 79 Wn. App. at 148.

for persons with more than three prior DWLS 1 convictions, RCW 46.20.342 mandates a minimum 180-day term of imprisonment. RCW 46.61.5055 is not needed to "fill in a gap" in the DWLS 1 sentencing scheme. Anderson's second argument concerning absurd results fails because it is driven by policy concerns that lie within the province of the legislature.[25]

¶17 Following the plain language of RCW 46.20.342, we affirm the superior court's ruling that the district court properly included Anderson's four prior DWLS 1 convictions in calculating her minimum sentence.

## Conclusion

¶18 The superior court correctly held that the district court was permitted under RCW 46.20.342(1)(a) to convert all or part of Anderson's imprisonment term to EHM. Because RCW 46.20.342(1)(a) contains the ambiguous word "imprisonment," it must be construed in favor of the defendant under the rule of lenity. The superior court also correctly upheld the district court's calculation of Anderson's sentence since the plain words of RCW 46.20.342 establish that there is no seven-year limitation period for determining repeat offender status. The superior court's decision on RALJ appeal is affirmed.

BECKER and LAU, JJ., concur.

---

[25] *See State v. Freeman*, 153 Wn.2d 765, 771, 108 P.3d 753 (2005); *Saldin Sec., Inc. v. Snohomish County*, 134 Wn.2d 288, 304-05, 949 P.2d 370 (1998).