IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37082-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NIKOLAYEVICH PETR SICHKAR, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Petr Sichkar appeals his sentences for two counts of misdemeanor assault with sexual motivation. We affirm.

## FACTS

Mr. Sichkar entered *Alford*[1] pleas to two counts of fourth degree assault with sexual motivation, both gross misdemeanors. The pleas were entered as part of a plea agreement, through which the State agreed to recommend no jail time. As originally charged, Mr. Sichkar would have faced multiple class A felonies and a sentencing range

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

of 300 months to life. The State amended the charges due to proof problems and a prior

hung jury.

At sentencing, the court heard from one of the victims, who recommended

Mr. Sichkar receive two years' custody. The court imposed the statutory maximum

sentence of 364 days on each count, to run consecutively. The judge stated he based his

decision in part on Mr. Sichkar's failure to take responsibility for his offense conduct.

The court was also concerned with the seriousness of Mr. Sichkar's offense. The judge

stated he was not penalizing Mr. Sichkar for exercising his right to enter an *Alford* plea.

Mr. Sichkar appeals.

## ANALYSIS

Courts have wide discretion in imposing sentences for misdemeanors and gross

misdemeanors. *State v. Anderson*, 151 Wn. App. 396, 402, 212 P.3d 591 (2009).

Misdemeanors and gross misdemeanors are not governed by the Sentencing Reform Act

of 1981, chapter 9.94A RCW. RCW 9.94A.010; *State v. Snedden*, 149 Wn.2d 914, 922,

73 P.3d 995 (2003). As a consequence, sentences for misdemeanor offenses are not

restricted by guideline ranges or the real facts doctrine. *See* RCW 9.94A.530(2). A court

imposing sentence for a misdemeanor has broad discretion to issue a sentence up to the

statutory maximum. *Anderson*, 151 Wn. App. at 402.

Mr. Sichkar claims the sentencing judge was prohibited from considering his lack of responsibility at sentencing. This proposition lacks legal authority and is unpersuasive. A defendant's acceptance of criminal responsibility, or lack thereof, is highly relevant to sentencing. In fact, federal court judges are expected to take a defendant's acceptance of responsibility, or lack thereof, into account in almost every criminal case. *See* U.S. SENTENCING GUIDELINES COMM'N, GUIDELINES MANUAL § 3E1.1 (Nov. 2018).

Crediting acceptance of responsibility does not penalize a defendant for exercising a constitutional right. There is no constitutional right to plead guilty, let alone a right to enter an *Alford* plea. *See State v. Bowerman*, 115 Wn.2d 794, 799, 802 P.2d 116 (1990). A defendant who enters an *Alford* pleas denies guilt and typically (though not necessarily) refuses to apologize or express remorse for criminal conduct. Nothing prohibits a judge from taking such information into account in exercising sentencing discretion. *See* Bryan H. Ward, *A Plea Best Not Taken: Why Criminal Defendants Should Avoid the Alford Plea*, 68 MO. L. REV. 913, 923 (2003).

Mr. Sichkar's other allegations that the judge considered unproven facts or usurped the executive role in imposing his sentence are unsupported by the record.

No. 37082-8-III
*State v. Sichkar*


CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____ Pennell, C.J.
Pennell, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Korsmo, J.

4