# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57241-9-II |
| Respondent, | |
| v. | |
| JAMES DOUGLAS CAPPS, JR., | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — James Capps appeals the trial court's denial of his request for electronic home monitoring (EHM) in lieu of county jail. We hold that the trial court did not abuse its discretion in denying EHM to Capps. We affirm.

## FACTS

Capps pleaded guilty to assault in the fourth degree—domestic violence after a physical altercation with his girlfriend, Celia Jackson. The trial court sentenced Capps to 364 days of incarceration but suspended 348 days for a period of 24 months on conditions. Those conditions included participation in a domestic violence program and a drug and alcohol evaluation with treatment, a requirement to file proof of timely enrollment and completion, and a requirement to remain in Thurston County absent written permission from the Department of Corrections (DOC).

After arrest due to another charge of assaulting Jackson, this time in Florida, the State petitioned the trial court to impose the remainder of the suspended sentence.

At the hearing on the State's motion to impose the suspended sentence, the community corrections officer testified that Capps failed to report to the DOC, went to Florida without permission in violation of a condition that he seek permission to leave Thurston County, failed to report for drug and alcohol testing, and was unsuccessfully discharged from domestic violence treatment.

The trial court concluded that Capps had committed several violations. Capps asked the court to impose a 62 day credit for time served since his arrest in Florida. Capps also asked the court to allow him to serve confinement on EHM so he could attend to various medical concerns, which included concerns about blood clots and scar tissue in his lungs from contracting COVID-19. Capps also cited addiction recovery, domestic violence treatment, and employment as reasons for allowing EHM. The trial court imposed the remaining suspended sentence in jail and denied the request for EHM, reasoning as follows:

> Mr. Capps has been provided with quite a few opportunities for treatment. In fact, it appears that his treatment provider believed that he was making quite a few strides, was doing very well, was honest, was a model participant. But as it turned out, it appears that Mr. Capps was manipulating and was not honest. It appears that he is able to convince others that he's able to make efforts on the surface but then commit activities and behaviors that are completely contrary to all of the support that is in place. That's what it appears to me.
>    And while Mr. Capps completed that treatment, it did not stop him from doing what he did that caused the violations that the court finds. I truly hope that Mr. Capps will be able to overcome the difficulties that he's clearly had, the health challenges, the trauma in his life and the various challenges that he is facing. But the court is not convinced that placing additional restrictions on supervision in the community will provide the safety in the community that is simply necessary now. And this is one of those rare, rare cases where the court is imposing that remaining time with credit for time served, because I'm not convinced that any other way the community will be safe.

Rep. of Proc. (RP) (Aug. 9 2022)) at 136-37.

Capps appeals.

ANALYSIS

Capps argues that the trial court abused its discretion when it denied his request for EHM. We disagree.

We "'will find an abuse of discretion when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.'" *State v. Dixon*, 159 Wn.2d 65, 75-76, 147 P.3d 991 (2006) (internal quotation marks omitted) (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). "'A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard.'" *Dixon*, 159 Wn.2d at 76 (internal quotation marks omitted) (quoting *Rohrich* 149 Wn.2d at 654). A decision is "'manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, adopts a view that no reasonable person would take, and arrives at a decision outside the range of acceptable choices.'" *Dixon*, 159 Wn.2d at 76 (internal quotation marks omitted) (quoting *Rohrich*, 149 Wn.2d at 654).

Trial courts have great discretion in imposing sentences within the statutory limits for misdemeanors and gross misdemeanors. *State v. Anderson*, 151 Wn. App. 396, 402, 212 P.3d 591 (2009). A court imposing a sentence for a misdemeanor has broad discretion to issue a sentence up to the statutory maximum. *Id*. Sentences may be suspended or deferred with conditions, imposed consecutively, and may even exceed the standard range for a comparable felony. *Id*.

Probation on a suspended sentence for a gross misdemeanor is authorized by RCW 9.92.060. A court's decision to revoke probation lies within its sound discretion. *State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972). Trial courts have broad authority to suspend jail time in misdemeanor cases, to impose conditions upon suspended sentences, and to revoke the suspension in whole or in part upon violation of a condition of probation. *Wahleithner v. Thompson*, 134 Wn. App. 931, 939, 143 P.3d 321 (2006).

At the outset, we clarify that, in spite of Capps's argument to the contrary, the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, does not apply to sentencing for the gross misdemeanor at issue here. *See Anderson*, 151 Wn. App. at 403-04.

Here, the trial court's decision was neither manifestly unreasonable nor based on untenable grounds. The trial court's decision was based on community safety after considering the testimony and exhibits presented at the violation hearing. In sum, the court found Capps violated the terms of his probation and assaulted the victim again while out of the state without permission.

Capps argues that the trial court wrongly decided he was a danger to the community. Assuming without deciding that this is true, Capps points to no applicable authority that requires the sentencing court find him a danger to the community before imposing jail while denying EHM.

Capps also contends that the trial court did not consider his health difficulties in denying EHM. Again, assuming without deciding that this is true, nothing requires the court to first consider health difficulties before sentencing in this context. As explained above, the provision of the SRA that Capps cites, RCW 9.94A.734(5), does not apply to sentencing for a gross misdemeanor. We do not further address Capps's arguments related to a sentencing court's discretion under the SRA.

4

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Glasgow, C.J.

Che, J.