[No. 75436-5. En Banc.]
Argued February 17, 2005.     Decided July 7, 2005.

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ALLEN JACOBS, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. KATHY ANN AUSTIN-BOCANEGRA, *Petitioner*.

598

Thomas E. Doyle and Patricia A. Pethick, for petitioners.

Edward G. Holm, Prosecuting Attorney, and Steven C. Sherman, Deputy, for respondent.

¶1 FAIRHURST, J. — Codefendants James Allen Jacobs and Kathy Ann Austin-Bocanegra were convicted of manufacturing a controlled substance. The jury also returned two special verdicts finding that they committed the crime while a person under 18 was present and that they manufactured a controlled substance within 1,000 feet of a school bus stop. The sentencing judge imposed two 24-month sentence enhancements based on those findings and applied them consecutively. Petitioners challenge their sentences, arguing that former RCW 9.94A.510 (2001),[1] *recodified as* RCW 9.94A.533(6),[2] intends only one 24-month sentence enhancement where these circumstances are present and, alternatively, that even if both may be applied, they must run concurrently.

---

[1] Petitioners cite this version incorrectly; the version in effect at the time of petitioners' crime was actually former RCW 9.94A.310(6) (2001).

[2] This opinion discusses the current codification of the provision, RCW 9.94A.533.

¶2 Without deciding whether RCW 9.94A.533(6) allows for two 24-month enhancements, we hold that it is ambiguous as to whether the enhancements should be applied concurrently or consecutively. Under the rule of lenity, we must interpret the statute in favor of concurrent sentences. We reverse the Court of Appeals decision to the contrary, vacate the sentences, and remand for resentencing to include no more than 24-months of sentence enhancement.

## I. FACTUAL AND PROCEDURAL HISTORY

¶3 For allegedly conducting a methamphetamine lab in their mobile home with their infant child present, Austin-Bocanegra and Jacobs were charged as codefendants with manufacturing a controlled substance within 1,000 feet of a school bus stop, while a person under 18 was present in or upon the premises (count I), and criminal mistreatment in the second degree (count II). A jury convicted each of manufacturing a controlled substance but found them not guilty of criminal mistreatment. The jury also returned two special verdicts that the crime was (1) committed within 1,000 feet of a school bus stop (2) while a person under 18 was present in or upon the premises. Each special verdict supported a 24-month enhancement.

¶4 Based on his offender score of 0, the standard range sentence for Jacobs would have been 51-68 months. After applying the two 24-month enhancements, the judge concluded that the applicable range was 99-116 months and sentenced Jacobs to 107.5 months. Based on Austin-Bocanegra's offender score of 7, her standard range sentence would have been 108-144 months. After applying the two 24-month enhancements, the range was 156-192 months. But the sentencing judge imposed a lesser sentence of 87 months, which was half of the midpoint of that range according to the drug offender sentencing alternative, RCW 9.94A.660.

¶5 Jacobs and Austin-Bocanegra appealed, arguing, among other things, that the sentence enhancements were

incorrectly applied. In an opinion initially unpublished,[3] the Court of Appeals affirmed the trial court, holding in pertinent part that the trial court did not err in applying two consecutive 24-month sentence enhancements. *State v. Jacobs*, 121 Wn. App. 669, 683, 89 P.3d 232 (2004). Jacobs and Austin-Bocanegra subsequently petitioned this court for review. We granted review of only one issue, "whether the sentencing court properly added two consecutive sentence enhancements to the standard range," and consolidated the two cases. *State v. Jacobs*, 152 Wn.2d 1036 (2004).

## II. ISSUE

¶6 Did the sentencing court properly add two consecutive sentence enhancements to the standard range sentences at issue here?

## III. ANALYSIS

¶7 We are asked to interpret RCW 9.94A.533. Statutory interpretation involves questions of law that we review de novo. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). In construing a statute, the court's objective is to determine the legislature's intent. *Id.* "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Id.* at 9-10. The "plain meaning" of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003); *Campbell & Gwinn*, 146 Wn.2d at 10-12. If after that examination the provision is still subject to more than one reasonable interpretation,

---

[3] The court later granted the State's motion to publish the opinion. *State v. Jacobs*, 121 Wn. App. 669, 89 P.3d 232 (2004); Order Granting Mot. to Publish, No. 28419-7-II (Apr. 27, 2004).

it is ambiguous. *Id.* If a statute is ambiguous, the rule of lenity requires us to interpret the statute in favor of the defendant absent legislative intent to the contrary. *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 249, 955 P.2d 798 (1998); *State v. Roberts*, 117 Wn.2d 576, 585, 817 P.2d 855 (1991).

¶8 RCW 9.94A.533(6) states: "twenty-four months shall be added to the standard sentence range for any ranked offense involving a violation of chapter 69.50 RCW [the Uniform Controlled Substances Act] if the offense was also a violation of RCW 69.50.435[4] or 9.94A.605.[5]" Here, there was a violation of RCW 69.50.435(1)(c) and RCW

---

[4] RCW 69.50.435 states in pertinent part:

(1) Any person who violates RCW 69.50.401 by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance . . . :

    (a) In a school;

    (b) On a school bus;

    (c) Within one thousand feet of a school bus route stop designated by the school district;

    (d) Within one thousand feet of the perimeter of the school grounds;

    (e) In a public park;

    (f) In a public housing project designated by a local governing authority as a drug-free zone;

    (g) On a public transit vehicle;

    (h) In a public transit stop shelter;

    (i) At a civic center designated as a drug-free zone by a local governing authority; or

    (j) Within one thousand feet of a perimeter of a facility designated under (i) . . . may be punished by a fine of up to twice the fine otherwise authorized by this chapter, but not including twice the fine authorized by RCW 69.50.406, or by imprisonment of up to twice the imprisonment otherwise authorized by this chapter, but not including twice the imprisonment authorized by RCW 69.50.406, or by both such fine and imprisonment. The provisions of this section shall not operate to more than double the fine or imprisonment otherwise authorized by this chapter for an offense.

[5] RCW 9.94A.605 states in pertinent part:

    In a criminal case where:

    (1) The defendant has been convicted of (a) manufacture of a controlled substance under RCW 69.50.401 relating to manufacture of methamphetamine; or (b) possession of [certain chemicals] with intent to manufacture methamphetamine . . . ; and

9.94A.605. At least one 24-month enhancement, and possibly two, applies, to this fact situation. However, we need not decide whether two 24-month enhancements may be imposed where both RCW 69.50.435 and RCW 9.94A.605 are violated because according to the rule of lenity, even if both may be imposed, they must run concurrently. We hold that the sentencing court erred in applying them consecutively.

¶9 RCW 9.94A.533 is silent on whether enhancements under RCW 69.50.435 and RCW 9.94A.605 should be imposed consecutively or concurrently to one another or to other enhancements. The Court of Appeals quoted *State v. DeSantiago*, 149 Wn.2d 402, 418, 68 P.3d 1065 (2003), for our holding that all firearm and deadly weapon enhancements are mandatory and must be served consecutively. *Jacobs*, 121 Wn. App. at 683. The court then concluded that the sentence enhancements at issue here are mandatory and that the sentencing court did not err in applying them consecutively. *Id.* Petitioners argue that the statutory authority for imposing the enhancements consecutively is ambiguous and that under the rule of lenity the statute must be interpreted to require concurrent enhancements. The State, on the other hand, asserts that the statute permits consecutive sentences and argues that applying them concurrently would render meaningless the purposes the legislature intended for one of the enhancements.

¶10 Although sentencing courts generally enjoy discretion in tailoring sentences, for the most part that discretion does not extend to deciding whether to apply sentences concurrently or consecutively. Where a person is sentenced for two or more current offenses, the legislature has specified that if those offenses stem from the same criminal conduct, the sentences shall be served concurrently; consecutive sentences can be imposed only as an exceptional

(2) There has been a special allegation pleaded and proven beyond a reasonable doubt that the defendant committed the crime when a person under the age of eighteen was present in or upon the premises of manufacture;

the court shall make a finding of fact of the special allegation, or if a jury trial is had, the jury shall, if it finds the defendant guilty, also find a special verdict as to the special allegation.

sentence under RCW 9.94A.535. RCW 9.94A.589(1)(a).[6] In contrast, sentences for "two or more serious violent offenses arising from separate and distinct criminal conduct" must be applied consecutively to each other. RCW 9.94A-.589(1)(b). In RCW 9.94A.589 the legislature also specified that courts must impose consecutive sentences for certain firearm related offenses. RCW 9.94A.589(1)(c).

¶11 RCW 9.94A.589 pertains to sentencing for multiple *offenses*, not *enhancements*, and therefore does not directly govern this situation. But it does demonstrate the legislature's presumption in favor of concurrent sentences as well as the lack of general discretion judges have in deciding whether to apply sentences concurrently or consecutively.

¶12 Furthermore, the legislature has chosen to specify that in the case of deadly weapon and firearm sentence enhancements, sentencing courts must apply them consecutively. RCW 9.94A.533(3)(e), (4)(e). Thus, the legislature clearly knows how to require consecutive application of sentence enhancements and chose to do so only for firearms and other deadly weapons. *See Roberts*, 117 Wn.2d at 586 (" '[W]here the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent.' " (alteration in original) (quoting *In re Det. of Swanson*, 115 Wn.2d 21, 27, 804 P.2d 1 (1990))).

¶13 If anything, the statutory language and context seem to weigh in favor of intending concurrent sentences. However, the legislature's silence on the issue is far from "plain," and the legislative intent gleaned elsewhere in the statute does not conclusively resolve the issue. Thus, RCW 9.94A.533(6) appears ambiguous. Under the rule of lenity, where a statute is ambiguous, we must interpret it in favor of the defendant. *Roberts*, 117 Wn.2d at 585. We must interpret RCW 9.94A.533(6) to require sentencing courts to apply enhancements for violations of RCW 69.50.435 and RCW 9.94A.605 concurrently to each another.

---

[6] RCW 9.94A.589 was formerly RCW 9.94A.400, but was recodified as RCW 9.94A.589 by Laws of 2001, ch. 10, § 6.

¶14 Whether two, concurrent, 24-month enhancements or a single 24-month enhancement is imposed, the most either petitioner should serve for the relative enhancements is 24 months. The Court of Appeals decision is reversed, the sentences are vacated, and the cases are remanded for resentencing to include not more than 24 months of sentence enhancement. Therefore, because we reach the same result by requiring concurrent application of the sentence enhancements, we need not address whether the legislature actually intends RCW 9.94A.533(6) to allow imposition of two 24-month enhancements.

## IV. CONCLUSION

¶15 We hold that RCW 9.94A.533(6) is ambiguous as to whether sentencing courts should apply sentence enhancements under RCW 69.50.435 and RCW 9.94A.605 consecutively or concurrently. Under the rule of lenity, sentencing courts should apply those enhancements concurrently to each another. We therefore reverse the Court of Appeals, vacate the sentences, and remand for resentencing to include not more than 24 months of sentence enhancement.

C. JOHNSON, MADSEN, BRIDGE, and OWENS, JJ., concur.

¶16 SANDERS, J., (concurring in result) — The majority does not reach the question whether RCW 9.94A.533 allows two sentence enhancements for violations of both RCW 69.50.435 (as relevant here, manufacturing a controlled substance within 1,000 feet of a school bus stop) and RCW 9.94A.605 (manufacturing a controlled substance with a minor present). Instead it concludes the statutory language is ambiguous as to whether two enhancements must run consecutively or concurrently and, applying the rule of lenity, settles on the latter. Thus, the defendants will face only 24 months of sentence enhancement. I concur in this result because RCW 9.94A.533 allows only one sentence enhancement for a violation of either or both of the two other statutes.

¶17 RCW 9.94A.533(6) provides, "An additional twenty-four months shall be added to the standard sentence range for any ranked offense involving a violation of chapter 69.50 RCW [Uniform Controlled Substances Act] if the offense was also a violation of RCW 69.50.435 *or* 9.94A.605." (Emphasis added.) The defendants argue "or" requires a single enhancement for a single controlled substance offense. The State claims the "or" is disjunctive and thus allows an enhancement for a violation of each provision, citing *Childers v. Childers*, 89 Wn.2d 592, 595-96, 575 P.2d 201 (1978), to support the proposition that "or" is disjunctive unless there is clear evidence of a contrary legislative intent. But merely calling "or" disjunctive does not resolve the issue.

¶18 In the statement of logic "if $p$ or $q$, then $r$," either $p$ or $q$ satisfies the condition, and $r$ results. IRVING M. COPI & CARL COHEN, INTRODUCTION TO LOGIC 354 (9TH ED. 1994). This logical form is *modus ponens*, which is classically stated, if $p$ then $q$; $p$, therefore $q$. *Id.* Using "or" inclusively, if both $p$ and $q$ are present, $r$ still follows, $2r$ does not. As applied here, a violation of either RCW 69.50.435 ($p$) or 9.94A.605 ($q$) triggers the application of RCW 9.94A.533(6) ($r$), which requires only 24 months of sentence enhancement. One cannot obtain two enhancements by violating both provisions.

¶19 On its face the statute contemplates a single enhancement for violation of either RCW 69.50.435 or RCW 9.94A.605. If both are violated, a single enhancement follows. The statute does not clearly require a second enhancement, and so the rule of lenity also favors a single enhancement. *See State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991) ("The rule of lenity requires the court to adopt an interpretation most favorable to the criminal defendant."). Thus, the defendants should serve only 24 months for a single sentence enhancement.

606

¶20 Because the majority vacates the sentences and remands for imposition of only 24 months of enhancement, majority at 604, I concur in the result.

ALEXANDER, C.J., and CHAMBERS and J.M. JOHNSON, JJ., concur with SANDERS, J.