205 P.3d 941 (2009)
STATE of Washington, Respondent,
v.
Joshua Dale MONSON, Appellant.
No. 60748-1-I.
Court of Appeals of Washington, Division 1.
April 20, 2009.
*942 David Koch, Seattle, WA, for Appellant.
Seth Fine, Snohomish County Pros. Office, Thomas Curtis, Everett, WA, for Respondent.
ELLINGTON, J.
¶ 1 Before sentencing an offender for possession of a stolen vehicle, the court must calculate the offender score as required by RCW 9.94A.525(20). Under that section, a prior conviction for vehicle prowling in the second degree counts as one point whether it is an adult or a juvenile conviction. The trial court calculated Joshua Dale Monson's offender score accordingly, and we affirm.

BACKGROUND
¶ 2 Joshua Monson pleaded guilty to possession of a stolen motor vehicle. He preserved an objection to his sentence because the court included in his offender score a juvenile conviction for vehicle prowling in the second degree. He argues that under RCW 9.94A.525(20), only adult convictions for vehicle prowling in the second degree are counted.[1]

DISCUSSION
¶ 3 We review questions of statutory interpretation de novo.[2] The primary objective is to ascertain the intent of the legislature.[3] If the statute's meaning is plain, then we give effect to that meaning as an expression of legislative intent.[4] The plain *943 meaning is discerned from the ordinary understanding of the language at issue, as well as from its context, related provisions, and the statutory scheme as a whole.[5] After that examination, if the provision is still subject to more than one reasonable interpretation, it is ambiguous.[6] When a statute is ambiguous, the rule of lenity requires us to interpret the statute in favor of the defendant absent legislative intent to the contrary.[7]
¶ 4 RCW 9.94A.525 governs the calculation of an offender score for sentencing purposes. When the present conviction is for possession of a stolen vehicle, the offender score is calculated according to subsection (20):
[C]ount priors as in subsections (7) through (18) of this section; however count one point for prior convictions of Vehicle Prowling 2, and three points for each adult and juvenile prior Theft 1 (of a motor vehicle), Theft 2 (of a motor vehicle), Possession of Stolen Property 1 (of a motor vehicle), Possession of Stolen Property 2 (of a motor vehicle), Theft of a Motor Vehicle, Possession of a Stolen Vehicle, Taking a Motor Vehicle Without Permission 1, or Taking a Motor Vehicle Without Permission 2 conviction.[8]
¶ 5 Monson argues that the relevant language of this section either refers only to adult convictions, or is at least ambiguous.[9] He focuses upon the fact that prior juvenile convictions are mentioned in reference to theft, possession of stolen property, and taking a motor vehicle, but not vehicle prowling.
¶ 6 We do not discern an ambiguity in this difference. First, the Sentencing Reform Act defines "conviction" as "an adjudication of guilt pursuant to Titles 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty."[10] This encompasses both juvenile and adult convictions.[11] The definition applies throughout the Sentencing Reform Act unless the context "clearly requires otherwise."[12]
¶ 7 Second, a review of RCW 9.94A.525 in its entirety shows that the terms "prior convictions," "convictions," and "prior adult and juvenile convictions" are used interchangeably except where differences are specified. Subsections (2), (3), (4), (6), and (21), all dealing with general principles of scoring, use the terms "convictions" or "prior convictions," and the general definition presumptively applies. In the case of multiple priors, subsection (5) sets forth scoring rules specifying certain differences between adult and juvenile priors.
¶ 8 When the statute allocates points for priors, it employs more specific language each time there is a consequence to doing so. Thus, in subsections (7), (8), (9), (11), (12), (13), (15), and (16), the statute specifies different scoring points for adult and juvenile convictions. The sections allocating the same points variously refer to convictions, prior convictions, or adult and juvenile prior convictions: "each adult and juvenile prior Burglary 1 conviction," (subsection (16)); "each adult and juvenile prior sex offense conviction," (subsection (17)), and so on.[13] It is clear that the legislature specifies a difference where one is intended. It does not.
*944 ¶ 9 The language of subsection (20) conforms to the general conviction definition and is consistent with the terminology used throughout RCW 9.94A.525. The legislature is specific when it intends that different points be allocated. Nothing in the context here suggests such an intent. The general definition controls unless the context "clearly" requires otherwise.[14]
¶ 10 Finally, Monson contends the term "prior convictions" in subsection (20) should be read to mean adult convictions because otherwise, vehicle prowling in the second degree would be the only misdemeanor scored the same whether it is a juvenile or adult conviction. But this is an issue of legislative policy.[15] As is clear from the discussion above, there is nothing unusual about allocating the same score to adult and juvenile prior convictions. The intent of the enactment of subsection (20) was to deter motor vehicle theft.[16] It is the prerogative of the legislature to choose the means by which to do so.
¶ 11 There was no error in calculation of Monson's offender score. We affirm the sentence.
WE CONCUR: LAU and APPELWICK, JJ.
NOTES
[1] Only one other case has interpreted RCW 9.94A.525. In re Pers. Restraint of Lofton, 142 Wash.App. 412, 174 P.3d 703 (2008) (holding that under RCW 9.94A.525(14), each prior escape conviction counted individually toward a defendant's offender score).
[2] State v. Alvarado, 164 Wash.2d 556, 561, 192 P.3d 345 (2008).
[3] Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 813, 828 P.2d 549 (1992).
[4] State v. Jacobs, 154 Wash.2d 596, 600, 115 P.3d 281 (2005).
[5] Id.
[6] Id. at 600-01, 115 P.3d 281.
[7] Id. at 601, 115 P.3d 281.
[8] (Emphasis added.)
[9] In this regard, Monson points to the Sentencing Guidelines Commission offender scoring form used at his sentencing, which did not require counting juvenile second degree vehicle prowling priors, and contrasts the online individual offense reference sheet for possession of a stolen vehicle in the 2007 Adult Sentencing Guidelines Manual, which does. The State did not explain the provenance of the scoring form used in Monson's case. But we interpret the statute, not the scoring form, and errors in the form do not render the statute ambiguous.
[10] RCW 9.94A.030(10).
[11] The provisions of chapters 13.04 and 13.40 RCW are the exclusive authority for the adjudication and disposition of juvenile offenders, except where otherwise expressly provided. RCW 13.04.450.
[12] RCW 9.94A.030.
[13] See also RCW 9.94A.525(8), (9), (11), (12), (18).
[14] RCW 9.94A.030.
[15] It is not the province of the courts to second guess the wisdom of the legislature's policy judgment so long as the legislature does not offend constitutional precepts. Davis v. State ex rel Dept. of Licensing, 137 Wash.2d 957, 976 n. 12, 977 P.2d 554 (1999).
[16] See Laws of 2007, ch. 199, §§ 1, 8.