216 P.3d 1102 (2009)
STATE of Washington, Appellant,
v.
Yaunna L. STATELY, Respondent.
No. 38103-6-II.
Court of Appeals of Washington, Division 2.
September 29, 2009.
*1103 Gerald R. Fuller, Grays Harbor Co. Pros. Office, Montesano, WA, for Appellant.
Wayne Delos Hagen Jr., Attorney at Law, Aberdeen, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 The State appeals Yaunna Stately's sentence. About a week before her 18th birthday, Stately drove a car while intoxicated, causing an accident that killed her best friend. Stately pleaded guilty to vehicular homicide by disregard under RCW 46.61.520(1)(c).[1] At sentencing, the State recommended 17 months of incarceration but it allowed her to argue that the trial court should sentence her as a first-time offender.[2] Stately argued that she was entitled to a first-time offender sentencing waiver under former RCW 9.94A.650 because her crime was not defined as a violent offense. The trial court agreed and sentenced her under the first-time offender waiver[3] to 30 days of *1104 incarceration, 12 months of community custody, and 4,000 hours of community restitution.[4] Former RCW 9.94A.535 (2005); former RCW 9.94A.650.
¶ 2 The State appeals Stately's sentence, arguing that she is not eligible for a first-time offender sentencing waiver under former RCW 9.94A.650 because she committed a violent offense. Stately responds that, in contrast with other forms of vehicular homicide, vehicular homicide by disregard is not a violent offense and the trial court properly sentenced her as a first-time offender.

ANALYSIS
¶ 3 Initially, we note that the State may not appeal a first-time offender's sentence.[5] RCW 9.94A.585(1) states that "a sentence imposed on a first-time offender ... shall not be appealed." This limitation does not, however, preclude our review of whether the sentencing court had legal authority to impose a first-time offender waiver. See State v. McGill, 112 Wash.App. 95, 99-100, 47 P.3d 173 (2002) (this statute prohibits appeals of only the length of time imposed and not the legal basis to impose such a sentence). Accordingly, the only question before us is whether the sentencing court properly applied the law when it determined that Stately was qualified for a first-time offender waiver. Specifically, we must answer whether the trial court correctly ruled that Stately's crime of vehicular homicide by disregard is a nonviolent offense and therefore qualifies for a first-time offender sentencing waiver. We hold that the legislature defined the crime of vehicular homicide by disregard, RCW 46.61.520(1)(c), as a nonviolent offense under former RCW 9.94A.030 (2006) and, therefore, the sentencing court had authority to impose a first-time offender sentencing waiver.
¶ 4 We review questions of statutory construction de novo. State v. Jacobs, 154 Wash.2d 596, 600, 115 P.3d 281 (2005). Our "purpose in construing a statute is to ascertain and give effect to the intent and purpose of the Legislature." State v. Van Woerden, 93 Wash.App. 110, 116, 967 P.2d 14 (1998), review denied, 137 Wash.2d 1039, 980 P.2d 1286 (1999). When faced with an unambiguous statute, we discern the legislature's intent from the plain language alone. Jacobs, 154 Wash.2d at 600, 115 P.3d 281. And we derive the plain meaning from "the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." Jacobs, 154 Wash.2d at 600, 115 P.3d 281. We also presume that the legislature does not include superfluous language. State v. Roggenkamp, 153 Wash.2d 614, 624-25, 106 P.3d 196 (2005). We turn to legislative history and relevant case law to discern the legislature's intent only if the plain meaning analysis fails to resolve the question before the court. Christensen v. Ellsworth, 162 Wash.2d 365, 373, 173 P.3d 228 (2007).
¶ 5 A sentencing court may apply a first-time offender waiver only if sentencing an offender who has "never been previously convicted of a felony in this state, federal court, or another state, and who ha[s] never participated in a program of deferred prosecution for a felony, and who [is] convicted of a felony that is not," as relevant here, "[c]lassified as a violent offense ... under [ch. 9.94A RCW]." Former RCW 9.94A.650(1)(a). At issue here is whether the Sentencing Reform Act of 1981(SRA), ch. 9.94A RCW, defines *1105 the crime of vehicular homicide by disregard for the safety of others as a violent offense. Chapter 9.94A RCW, in turn, defines "violent offense" as:
(a) Any of the following felonies:
(i) Any felony defined under any law as a class A felony or an attempt to commit a class A felony;

....
(xiii) Vehicular assault, when caused by the operation or driving of a vehicle by a person while under the influence of intoxicating liquor or any drug or by the operation or driving of a vehicle in a reckless manner; and
(xiv) Vehicular homicide, when proximately caused by the driving of any vehicle by any person while under the influence of intoxicating liquor or any drug as defined by RCW 46.61.502, or by the operation of any vehicle in a reckless manner.

Former RCW 9.94A.030(50) (emphasis added).[6]
¶ 6 Stately's crime of vehicular homicide by disregard for the safety of others is a class A felony. RCW 46.61.520. Thus, it satisfies the statutory definition of violent offense under subsection (i). Former RCW 9.94A.030(50)(a)(i).
¶ 7 But Stately's crime is not included as a violent offense under subsection (xiv). There are three types of vehicular homicide, all currently class A felonies. RCW 46.61.520. Subsection (xiv) lists the first two types, homicide by intoxication and recklessness, but does not include the third type, homicide by disregard. Former RCW 9.94A.030(50)(a)(xiv). "`Where a statute specifically designates the things or classes of things upon which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted by the legislature under the maxim expressio unius est exclusio alteriusspecific inclusions exclude implication.'" Landmark Dev., Inc. v. City of Roy, 138 Wash.2d 561, 571, 980 P.2d 1234 (1999) (quoting Wash. Nat. Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County, 77 Wash.2d 94, 98, 459 P.2d 633 (1969)). If we read the statute to define vehicular homicide by disregard as a violent offense simply because it is a class A felony, then subsection (xiv) would be superfluous. We presume, however, that the legislature does not include superfluous language and we interpret statutes to give meaning to each section. Roggenkamp, 153 Wash.2d at 624-25, 106 P.3d 196.
¶ 8 More importantly, when there is "an `inescapable conflict' between a statute's general and specific terms, the specific terms prevail." City of Spokane v. Taxpayers of City of Spokane, 111 Wash.2d 91, 102, 758 P.2d 480 (1988) (quoting 2A N. Singer, Statutory Construction § 46.05 (4th ed.1984)); see also State v. Austin, 59 Wash.App. 186, 199, 796 P.2d 746 (1990) (applying same rule to criminal procedure). Here, it is impossible to harmonize the statute's terms in subsection (i) with its terms in subsection (xiv). The later subsection, relating specifically to vehicular homicide, is more specific than subsection (i), which relates generally to all class A offenses. Applying the specific-general doctrine, the specific terms of subsection (xiv) prevail and Stately's vehicular homicide by disregard conviction is not a violent offense. See Austin, 59 Wash.App. at 199, 796 P.2d 746. Accordingly, the trial court had authority to invoke the first-time offender waiver when it sentenced Stately on her conviction for vehicular homicide by disregard under RCW 46.61.520(1)(c).
¶ 9 We affirm.
We concur: BRIDGEWATER, P.J., and HUNT, J.
NOTES
[1] Although she committed the crime while a juvenile, Stately was properly tried as an adult because she had reached age 18 before the State charged her. See former RCW 13.40.020(14) (2004) (defining "juvenile" under the Juvenile Justice Act of 1977, ch. 13.40 RCW); former RCW 13.40.110 (1997).
[2] A first-time offender is any person who has no prior felony convictions and is eligible for the first-time offender waiver under former RCW 9.94A.650 (2006). When sentencing a first-time offender, the court may waive the imposition of a sentence within the standard sentence range. The sentence imposed under the first-time offender provision is not an exceptional sentence but is, rather, a waiver of the standard sentence range. Former RCW 9.94A.650; see also RCW 9.94A.585(1) (for purposes of appealability, first-time offender sentencing waiver is deemed a standard range sentence).
[3] The court also held, in the alternative, that it could properly impose a downward exceptional sentence under former RCW 9.94A.535 (2005). Evidence before the sentencing court suggested that the victim was a participant in the crime and that the victim's grandmother asked the court for a lenient sentence. The sentencing court's findings indicate that the grandmother's wishes impacted its decision. The State appeals the downward exceptional sentence. Because it is clear that the trial court correctly sentenced Stately as a first-time offender, we do not address issues relating to the alternative basis for the sentence under former RCW 9.94A.535.
[4] Community restitution was once referred to as community service. State v. Law, 154 Wash.2d 85, 106, 110 P.3d 717 (2005).
[5] At oral argument, the State was challenging Stately's community restitution term to ensure that, if Stately does not complete the terms of her sentence and the State seeks to enforce it, she may not present a defense to enforcement that the sentence is illegal. See former RCW 9.94A.680 (2002); Law, 154 Wash.2d at 104-05, 110 P.3d 717 (2005) (community restitution may never exceed 240 hours). But Stately asserted at oral argument that she opposes an alteration of her sentence that would reduce the number of community service hours from the 4,000 that the trial court imposed. Stately had every opportunity to raise this challenge on direct appeal, but has expressly declined to do so and instead has affirmatively ratified the sentence.
[6] Under current law, this definition is the same.