FILED
COURT OF APPEALS
DIVISION II

2013 SEP 24 AM 9:22

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MIKE & SUSAN SHAW, husband and wife, and GEORGE & PATRICIA LANE, husband and wife, | No. 41992-1-II |
| Respondents, | |
| v. | PUBLISHED OPINION |
| CLALLAM COUNTY, a political subdivision of the State of Washington, and UPPER ELWHA RIVER CONSERVATION COMMITTEE, a Washington non-profit corporation, | |
| Appellants. | |

BJORGEN, J. — We granted the petition for discretionary review by Clallam County and Upper Elwha River Conservation Committee (collectively County) for review of a trial court order entered under the Land Use Petition Act (LUPA), chapter 36.70C RCW. Mike and Susan Shaw and George and Patricia Lane (collectively Shaw) filed the LUPA petition, alleging that the County erroneously designated portions of their property as an erosion hazard and, therefore, a critical area under Clallam County's Critical Areas Code (Code). The superior court "remanded" the case to the Administrator of Clallam County's Department of Community Development (Administrator) to define a relevant term in the Code "using a proper standard based upon and in the context of erosion hazard areas." Clerk's Papers (CP) at 117. Because the remand order exceeds the broad discretion LUPA grants the superior court to review land use decisions, we vacate the order and remand the matter to superior court for a decision based on the record before the County hearing examiner.

## FACTS

Shaw proposes to operate a rock quarry on land adjacent to the Elwha River in Clallam County. Shaw sought a preliminary site evaluation from the Administrator to determine whether the land qualifies as a "critical area" under the Code because it poses a landslide or erosion hazard. The Code designates all slopes "forty (40) percent or steeper with a vertical relief of ten (10) or more feet, *except areas composed of consolidated rock*" as critical areas due to erosion hazard. CLALLAM COUNTY CODE 27.12.410(1)(b)(iii) (emphasis added).

Shaw submitted various site reports prepared by qualified professionals, including a 1999 soil survey and geotechnical engineering report prepared by licensed engineering geologist Allen Hart; a 2008 Geologic Hazard Evaluation Special Report prepared by licensed professional engineers with ADA Engineering LLC; and supplemental materials from both Hart and ADA Engineering. The parties do not dispute the essential findings of these reports. These findings show that much of the site consists of slopes 40 percent or steeper, with a soil layer at the surface approximately one to three feet deep, which is underlain by solid basalt and largely covered with trees and shrubs.

The authors of the ADA Engineering Report explicitly concluded that the site should be exempt from the Code because the steep slopes "are composed of consolidated rock." Ex. 7 at 6-7. The evidence cited to support this conclusion consists of photographs showing a roadway cut on the site, with what appears to be a layer of soil one to three feet deep over solid bedrock. The earlier and more comprehensive Hart report appears to undermine the ADA Engineering Report's conclusion, noting that "portions of the property meet the Clallam County criteria for an erosion and landslide area" and that "some site soils may be easily eroded." Ex. 9 at 6, 11.

After reviewing the reports Shaw provided, the Administrator determined that, although the property posed no landslide hazard, portions of the site did pose an erosion hazard. The Administrator concluded that the layer of soil at the surface established that the steep slopes were not "composed of consolidated rock" for purposes of the exception to the Code designation of slopes steeper than 40 percent as erosion hazard areas. CP at 871-72. The Administrator acknowledged the conclusion of the ADA Engineering Report and discussed the findings of both the ADA Engineering and Hart reports, explaining in some detail why the reports failed to persuade him that the site did not qualify as an erosion hazard.

Shaw appealed the Administrator's decision to the Clallam County Hearing Examiner (Examiner). As part of an open-record hearing, the Examiner considered definitions and usages of the phrases "consolidated rock" and "composed of consolidated rock," as well as related terms, in various scientific, technical, and nontechnical sources, including sources provided by Shaw. Ex. 38-39. The Examiner ultimately affirmed that the slopes were not composed of consolidated rock and therefore qualified as a critical area due to the erosion hazard.

The Examiner reaffirmed this determination on reconsideration, and the Board of County Commissioners twice upheld the Examiner's decision in closed-record proceedings. Shaw then appealed to the superior court under LUPA. Shortly thereafter, Shaw brought a second LUPA action, claiming an equal protection violation because the County had allegedly applied the Code differently to similarly situated land owned by, among others, the County itself. The superior court consolidated the two LUPA appeals.

3

No. 41992-1-II

Rather than deciding whether the Examiner had erred in determining that the proposed quarry site was not "composed of consolidated rock," the superior court made the following pertinent findings:[1]

8. Since the [Critical Areas Code] does not define the phrase "composed of consolidated rock" it was incumbent upon the Administrator to apply a meaning based upon the definition commonly used by qualified professionals in the field when addressing the erosion issue. The Administrator must define the phrase "composed of consolidated rock" using a proper standard, a standard not only based on the words themselves, but upon the context and scheme in which those words are used.

9. The County made an erroneous interpretation of the law in its failure to define the phrase "composed of consolidated rock" using an identified standard derived from the scientific context of erosion hazards.

10. The Court cannot properly decide the case under RCW 36.70C without a proper definition of the phrase "composed of consolidated rock[.]"

CP at 116-17. Based on these findings, the court entered the following orders:

1. The present matter is remanded to the critical areas Administrator, who after consulting with qualified professionals and qualified sources, shall determine the meaning of the phrase "composed of consolidated rock" as appearing in [Clallam County Code] 27.12.410(1)(b), using a proper standard based upon and in the context of erosion hazard areas.

2. In consulting with qualified professionals and qualified sources, the Administrator is further directed to consult with any professionals and sources provided by the parties hereto and to allow meaningful input by the parties as to the definition of the phrase.

3. The Administrator is directed to review all such information received and to issue a definition of the phrase within 90 days of the date of this Order.

4. Upon adoption of a definition by the Administrator as directed herein, the parties shall renote the matter before the undersigned judge for a final ruling on this matter.

---

[1] Although designated "findings," the court's statements are better characterized as conclusions of law because they concern the legal consequences or effects of the County's conduct rather than the existence or occurrence of some event, relationship, or condition in the world. *See Arima v. Emp't Sec. Dep't*, 29 Wn. App. 344, 348-49, 628 P.2d 500 (1981); BLACK'S LAW DICTIONARY 669 (9th ed. 2009). The distinction, however, has no bearing on the analysis here.

4

CP at 117-18. In a subsequent memorandum opinion, the superior court clarified that, in formulating a definition of the disputed term, "[t]he Administrator may employ whatever procedures he believes appropriate, so long as due process considerations are preserved, with each party being entitled to provide meaningful input into the formulation of a definition for the phrase." CP at 121.

The County appealed the superior court's orders, but we decided that the orders were not appealable because no final decision had issued below. We then treated the notice of appeal as a petition for discretionary review, which we granted on the ground that the superior court had committed a probable error that substantially alters the status quo.

## ANALYSIS

The County contends that by remanding to the Administrator to create a definition of "composed of consolidated rock," the trial court improperly relieved itself of the duty under LUPA to interpret the ordinance and to review the administrative decision before it. For the reasons below, we agree that the remand was outside the authority of the court.

### I. SCOPE AND STANDARD OF REVIEW

We stand in the same position as the superior court when reviewing a superior court's LUPA decision. *Lakeside Indus. v. Thurston County*, 119 Wn. App. 886, 893-94, 83 P.3d 433 (2004) (citing *Biermann v. City of Spokane*, 90 Wn. App. 816, 821, 960 P.2d 434 (1998)). Here, however, the superior court has not entered a final decision on the Shaws' LUPA petition, and the matter comes before us on a petition for discretionary review of the superior court's remand order. Thus, our review is limited to the matters addressed in the remand order. *See Right-Price*

5

No. 41992-1-II

*Recreation, LLC v. Connells Prairie Cmty. Council*, 105 Wn. App. 813, 821, 21 P.3d 1157 (2001).

Many of the County's assignments of error assert that the superior court "erred in its Order that 'composed of consolidated rock' is vague, unscientific and therefore void." Br. of Appellant at 3. The superior court does not appear to have made such a determination, however. Thus, these assignments of error are not properly before us. In addition, the County assigns error to the superior court's failure to dismiss the constitutional claims raised in Shaw's LUPA petition. Because the superior court has made no final decision on these constitutional claims, they are also not properly before us.

Of the many issues raised by the parties, only two questions remain before us: whether the superior court erred (1) when it ruled that the County had made an erroneous interpretation of law by failing to define "'composed of consolidated rock' using an identified standard derived from the scientific context of erosion hazards," and (2) when it ordered the Administrator to define "composed of consolidated rock," using such a standard, after "consulting with qualified professionals and qualified sources," including those supplied by the parties. CP at 117-18. The first question goes to whether the Administrator was under a duty to issue a definition of the term "composed of consolidated rock." The second question goes to whether the court erred in ordering the Administrator to issue or adopt such a definition. Because these issues draw on each other, we analyze them together.

## II. THE SUPERIOR COURT'S REMAND ORDER

The superior court relied on LUPA's broad grant of discretion to authorize the remand order it issued here. We hold, however, that the Administrator was not under a legal duty to

6

issue a definition of "composed of consolidated rock" and that the remand order exceeds the authority granted by LUPA and infringes on the province of a coordinate branch of government. For these reasons, we vacate the superior court's remand order.

Under LUPA, the superior court

> may affirm or reverse the land use decision under review or remand it for modification or further proceedings. If the decision is remanded for modification or further proceedings, the court may make such an order as it finds necessary to preserve the interests of the parties and the public, pending further proceedings or action by the local jurisdiction.

RCW 36.70C.140. Here, the superior court read this provision to authorize it, when faced with a question of interpretation of a county ordinance, to order the Administrator to issue a definition of the phrase that the court was asked to interpret.

When construing a legislative enactment, our North Star is the legislature's intent. *See Nagle v. Snohomish County*, 129 Wn. App. 703, 712, 119 P.3d 914 (2005). If an enactment's meaning is "'plain on its face, then the court must give effect to that plain meaning.'" *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). The enactment's "plain meaning" is derived from the words' ordinary meaning, the context of the enactment where the provision appears, "related provisions, and the statutory scheme as a whole." *Jacobs*, 154 Wn.2d at 600 (citing *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003)). If, after this inquiry, the statute remains susceptible to more than one reasonable meaning, it is ambiguous and the reviewing court may "resort to aids to construction." *Campbell & Gwinn*, 146 Wn.2d at 12.

7

The superior court's review under LUPA is limited to the record before the highest administrative tribunal that heard evidence in the matter: here, the hearing examiner. *Citizens To Preserve Pioneer Park, LLC v. City of Mercer Island*, 106 Wn. App. 461, 473-74, 24 P.3d 1079 (2001). The aids to construction a reviewing court may use to resolve ambiguity in a legislative enactment do not include remand to a lower tribunal to formulate a definition of a term, let alone remand to an official of the executive branch. *See Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 808-12, 16 P.3d 583 (2001). Here, instead of interpreting the statute itself, the superior court ordered an official of another branch of government to adopt a definition of the questioned term, an action, as shown below, within the discretion of that official.

Shaw points out that the superior court acted here in its appellate capacity and argues that RAP 9.11, which allows an appellate court to direct the court below to take additional evidence on the merits of a case, provides an alternate basis for the court's order. However, RAP 9.11 authorizes this unusual remedy only if all of six specified factors are present, and Shaw presents no specific argument as to any of the factors. Notably, the first factor listed in RAP 9.11, that "additional proof of facts is needed to fairly resolve the issues on review," is absent here, as the parties do not dispute that consolidated rock underlies the site's layer of soil. Furthermore, the superior court did not remand to a prior tribunal, such as the hearing examiner, and did not direct the taking of evidence concerning a question of fact. It remanded the matter to an executive official of the County to formulate a definition for a term of legal significance. Shaw's argument from RAP 9.11 fails to persuade.

A definition issued by the Administrator would not be a critical area development regulation, since those are adopted by the legislative authority of the jurisdiction. *See* RCW

36.70A.030(7), .040. A definition of "composed of consolidated rock," however, would directly affect the application of critical area development regulations. Accordingly, it is best viewed as a critical area policy of the type authorized by RCW 36.70A.172 and WAC 365-190-080. Local governments are not required to adopt critical area policies. Instead, they may decide at their discretion whether to adopt such policies, as long as they adhere to the requirements of the Growth Management Act[2] if they choose to adopt such policies. *Honesty in Envtl. Analysis & Legislation (HEAL) v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 96 Wn. App. 522, 528, 979 P.2d 864 (1999). Thus, the County did not commit legal error by failing to exercise its discretion to define "composed of consolidated rock."

Courts may "not usurp the authority of the coordinate branches of government" by compelling "the performance of acts or duties which involve discretion on the part of a public official." *Walker v. Munro*, 124 Wn.2d 402, 410, 879 P.2d 920 (1994) (citing *Vangor v. Munro*, 115 Wn.2d 536, 543, 798 P.2d 1151 (1990); *State ex rel. Pac. Bridge Co. v. Toll Bridge Auth.*, 8 Wn.2d 337, 342-43, 112 P.2d 135 (1941)) (discussing writs of mandamus). Under *HEAL*, 96 Wn. App. at 528, the decision whether to issue this definition was within the discretion of the Administrator granted by statute. Therefore, under *Walker* the court erred in ordering the Administrator to define "composed of consolidated rock."

We acknowledge that the trial court acted to further one of the important purposes of LUPA: to expedite appeal procedures "in order to provide . . . timely judicial review" of land use decisions. RCW 36.70C.010. The court's action was well-intended and, perhaps, would be the most efficient route to resolution of these disputes. However, because the superior court's

---

[2] Chap. 36.70A RCW.

No. 41992-1-II

remand exceeded its authority under LUPA and improperly compelled a discretionary act, we must vacate the order and remand to the superior court to render a decision based on the record before the Examiner.

### III. CONCLUSION

We vacate the superior court's remand order and in turn remand this matter to superior court to decide Shaw's LUPA petition on the record before the Examiner. Because the other issues raised in the petition for review are not properly before us, we do not reach them.

BJÖRGEN, J.

We concur:

HUNT, P.J.

PENOYAR, J.