IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, DEPARTMENT OF FISH AND WILDLIFE, | ) ) ) | No. 31361-1-III |
| | ) | |
| Appellant/Cross-Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ONE 1999 FORD F350 DIESEL PICKUP TRUCK, AND A REMINGTON MODEL 77, 7mm RIFLE, | ) ) ) ) | |
| | ) | |
| JOHN R. COON AND SABRINA K. COON, | ) ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — The Department of Fish and Wildlife (DFW) appeals from the dismissal of this forfeiture action, arguing that the statute allows it to seize an item for evidence and, later, move to forfeit the item due to its use in a crime. We agree and reverse and remand this action.

FACTS

A large whitetail buck was shot out of season in a field near highway 395 in Ferry County. A tip led DFW to investigate the matter on November 19, 2011. The investigation led DFW to suspect that the deer had been shot by Sabrina Coon and transported in John Coon's 1999 Ford F350 truck. Officers seized the truck as well as two rifles, a pair of boots, a buck knife with sheath, and the deer. The seizure notice given to the Coons indicated that the items had been seized for evidentiary reasons.

DFW had deoxyribonucleic acid (DNA) testing performed on blood found in the pickup truck and the knife, as well as on the deer and on deer guts found in the field. The testing results were received January 27, 2012. They confirmed that the blood samples and the guts came from the seized deer. DFW then issued a "Notice of Intent to Forfeit" on January 31, 2012. It reads (in part):

> As you are aware, on November 19, 2011, Enforcement officers from the Washington Department of Fish and Wildlife (WDFW) seized for evidence your 1999 Ford F350 Diesel pickup, Remington Model 77 7mm rifle, Marlin Model 336 .35 cal. Remington rifle, and Cabelas size 11EE boots, because they allege that you committed Unlawful Hunting of Big Game Second Degree, RCW 77.15.410(1).

Clerk's Papers (CP) at 56.

The letter also informed the Coons that DNA testing had confirmed that all of the samples matched. "Therefore, this is your notice that WDFW is seizing your truck and your Remington Model 77 7mm rifle for forfeiture." CP at 56.

2

The Coons removed the matter to Ferry County Superior Court and moved to dismiss the action on timeliness grounds. The trial court ultimately agreed, ruling that the notice of forfeiture was untimely as it had been given more than 15 days after the seizure. The court ordered the truck be immediately returned to the Coons, but permitted the guns to be retained pending a charging decision from the prosecutor.

DFW moved for reconsideration. The court denied the motion and rejected DFW's construction of the statute, which it feared would lead to open-ended forfeiture proceedings. The Coons sought attorney fees for prevailing in judicial review of an agency action. The court also denied the request, concluding that DFW had been substantially justified in its actions. DFW then timely appealed to this court. The Coons cross appealed the attorney fee ruling.

## ANALYSIS

The sole issue presented by this appeal concerns the construction of the wildlife forfeiture statute, RCW 77.15.070, and the accompanying seizure authorization statute, RCW 77.15.094. Since we conclude that the forfeiture notice was timely given, we do not address the cross appeal issue.[1]

---

[1] RCW 4.84.350(1) permits parties that obtain relief on a significant issue in a review of an administrative action to recover reasonable attorney fees. As the Coons have not prevailed, there is no basis for a fee award.

3

The purpose of statutory construction is to effectuate the intent of the legislature. *Roberts v. Johnson*, 137 Wn.2d 84, 91, 969 P.2d 446 (1999). Statutes that are clear and unambiguous do not need interpretation. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). However, when interpretation is necessary, the legislation "must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996). Appellate courts review questions of statutory interpretation de novo. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005).

The forfeiture statute provides in limited part:

> **Civil forfeiture of property used for violation of chapter.** (1) Fish and wildlife officers and ex officio fish and wildlife officers may seize without warrant . . . vehicles . . . or other articles they have probable cause to believe have been held with intent to violate or used in violation of this title or rule of the commission or director. . . . The property seized is subject to forfeiture to the state *under this section* regardless of ownership.
> (2) In the event of a seizure of property *under this section,* jurisdiction to begin the forfeiture proceedings shall commence upon seizure. Within fifteen days following the seizure, the seizing authority shall serve a written notice of intent to forfeit property on the owner of the property seized and on any person having any known right or interest in the property seized.

RCW 77.15.070 (1), (2) (emphasis added).

In relevant part, the evidence seizure statute provides:

> **77.15.094 Search without warrant—Seizure of evidence, property—Limitation.** Fish and wildlife officers and ex officio fish and wildlife officers may make a reasonable search without warrant of . . . vehicles, containers . . . and wildlife which they have reason to believe contain

> evidence of a violation of law or rules adopted pursuant to this title and seize evidence as needed for law enforcement. * * * Seizure of evidence of a crime *does not preclude seizure of the property for forfeiture* as authorized by law.

RCW 77.15.094 (emphasis added).

The trial court placed its reliance on the 15 day limit of RCW 77.15.070(2), noting that the *seizure* had occurred in November and that notice of forfeiture was not given until the end of January.[2] We think this approach ignores the totality of the legislation, including the plain language of § 070 as well as the final sentence of § 094.

Under the language of the final sentence of § 094, there can be seizures for multiple purposes. That section also specifies the classes of items that can be seized for evidence without a warrant.

The language of the forfeiture statute, § 070, also designates the items that can be seized and forfeited due to their use in the commission of an offense. Critically, both subsections (1) and (2), are expressly limited to actions *under this section.* RCW 77.15.070 (1), (2). The Revised Code of Washington codifies state legislation, in accordance with legislative direction, by title, chapter, and section. *See* LAWS OF 1951,

---

[2] Respondents complain that DFW should not have been permitted to add evidence to the record in its reconsideration motion. One piece of that evidence was the receipt for the seized items; that document expressly says the materials were seized for evidentiary purposes. The trial judge permitted the evidence, but we need not address the propriety of that action since the forfeiture notice, put into the record by both parties on multiple occasions, expressly notes that the November seizure was for evidentiary reasons. *E.g.,* CP at 6, 56.

ch. 5. The final decimal places designate the section of the legislation. *Id.* at § 5. Thus, the forfeiture provision is section 70 of chapter 15 of title 77. The directives of RCW 77.15.070 (1) and (2)—defining what evidence can be seized for forfeiture and when jurisdiction to forfeit arises—are expressly limited to that section of the revised code.

Thus, the critical language in the forfeiture statute is the first sentence of the second subsection: "In the event of a seizure of property *under this section,* jurisdiction to begin the forfeiture proceedings shall commence upon seizure." RCW 77.15.070(2) (emphasis added). That seizure, in turn, requires the government to act within 15 days by providing notice of the intent to forfeit. *Id.* (second sentence). By ignoring the language that makes seizures for forfeiture purposes the trigger for the timing of the forfeiture process, the trial court failed to give effect to all of the language in the statute. *Whatcom County*, 128 Wn.2d at 546. An evidentiary seizure does not trigger the time limitations of the forfeiture statute; only a forfeiture seizure triggers the time limits.

Read together, the statutory scheme permits seizures of property for either evidentiary reasons (§ 094) or for forfeiture purposes (§ 070). Property seized for evidentiary reasons can also be seized for purposes of forfeiture. RCW 77.15.094. While authorizing seizures for multiple purposes, nothing in the statutory scheme requires that the seizures occur at the same time and nothing prohibits sequential seizure of property for first one purpose and then for the next.

6

DFW properly seized the truck and other items of potential evidentiary value while the crime was being investigated. Once the DNA test confirmed that the blood in the truck came from the illegally shot deer, it had reason to believe that the truck had been used to facilitate the crime. The truck was then properly subject to forfeiture. This was a proper investigative process and we know of no reason why DFW was required to begin the forfeiture proceeding before it could ascertain the truck's use to transport the deer.

The trial court understandably was concerned that by sequentially seizing property, the government could unreasonably deprive people of the use of their property by prolonging proceedings. However, the remedy for unlawful seizure is a motion for return of property rather than a hurried forfeiture process. CrR 2.3(e).

Accordingly, we reverse the order of dismissal and remand this action for further proceedings.

_____
Korsmo, J.

WE CONCUR:

_____               _____
Siddoway, C.J.                                                    Price, J.P.T.

7