FILED
COURT OF APPEALS
DIVISION II

2015 JUN 23 AM 8: 31

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45829-2-II |
| Respondent, | |
| v. | |
| MARCO R. MEDINA, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Marco Medina pleaded guilty to three counts of delivery of a controlled substance with three school bus route stop enhancements. The sentencing court imposed the three 24-month sentence enhancements consecutively to one another and consecutively to the underlying charge. Medina appeals, alleging that the sentencing court lacked the authority to impose the sentencing enhancements to run consecutively to one another. To the extent that RCW 9.94A.533(6) is ambiguous, legislative history reveals an unequivocal intent to impose multiple enhancements consecutively. Thus, we affirm.

## FACTS

In January 2012, Medina sold methamphetamine and heroin to a confidential informant (CI) three times. Each of the sales occurred within 1,000 feet of a school bus route stop.

The State charged Medina with three counts of delivery of a controlled substance, each with accompanying sentence enhancements for Medina's proximity to the school bus stop, and one count of unlawful possession of a controlled substance.[1] Medina pleaded guilty as charged.

Medina's standard sentencing range was 20 to 60 months. Both Medina and the State agreed that the three 24-month sentencing enhancements were mandatory and that they were to run consecutively both to the underlying offense and to one another. The court sentenced Medina to 30 months on each of the three delivery counts, to run concurrently, plus three consecutive 24-month bus stop enhancements, for a total of 102 months.

Medina then filed a CrR 7.8 motion seeking to withdraw his guilty plea based on his belief that the sentencing court erred by imposing the school bus stop enhancements consecutively rather than concurrently. The court denied Medina's motion. Medina appeals his judgment and sentence as well as the court's order denying his CrR 7.8 motion.

ANALYSIS

Medina contends that RCW 9.94A.533(6) does not authorize a sentencing court to apply the school bus stop enhancements consecutively to one another. Specifically, Medina argues that the legislature intended these specific sentencing enhancements to run concurrently because, unlike other statutory provisions that specify when multiple enhancements of the same category run consecutively to each other, the school bus stop enhancement provision does not. We hold that the sentencing court did not err by imposing consecutive school bus stop enhancements because RCW 9.94A.533(6) and the accompanying legislative history support the court's sentence.

---

[1] Medina does not challenge the possession charge on appeal.

No. 45829-2-II

Absent an abuse of discretion, we will not reverse an order denying a motion for relief from judgment. *State v. Bourgeois*, 133 Wn.2d 389, 406, 945 P.2d 1120 (1997). The legislature has plenary authority over sentencing. *State v. Jones*, 182 Wn.2d 1, 6, 338 P.3d 278 (2014). Under this authority, it passed the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, which guides sentencing discretion through the SRA's detailed statutory procedures. *Jones*, 182 Wn.2d at 6. Although sentencing courts generally enjoy discretion in tailoring sentences, for the most part that discretion does not extend to deciding whether to apply sentences concurrently or consecutively. *State v. Jacobs*, 154 Wn.2d 596, 602, 115 P.3d 281 (2005). It is also within the purview of the legislature to amend these procedures in response to judicial interpretation. *Jones*, 182 Wn.2d at 6.

In construing a statute, the court's objective is to determine the legislature's intent. *Jacobs*, 154 Wn.2d at 600. "'[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" *Jacobs*, 154 Wn.2d at 600 (alteration in original) (quoting *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The "plain meaning" of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. *Jacobs*, 154 Wn.2d at 600. If a statute is susceptible to more than one reasonable interpretation, it is ambiguous and we may resort to legislative history for guidance in discerning legislative intent. *State v. Larson*, 185 Wn. App. 903, 909, 344 P.3d 244 (2015).

RCW 9.94A.533(6) governs the category of sentencing enhancements at issue here. It provides,

3

An additional twenty-four months shall be added to the standard sentence range for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435 or 9.94A.827. *All enhancements under this subsection shall run consecutively to all other sentencing provisions*, for all offenses sentenced under this chapter.

(Emphasis added.) And RCW 69.50.435(1) provides, in pertinent part,

Any person who violates RCW 69.50.401 by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under RCW 69.50.401 or who violates RCW 69.50.410 by selling for profit any controlled substance or counterfeit substance classified in schedule I, RCW 69.50.204, except leaves and flowering tops of marihuana to a person:

. . . .

(c) Within one thousand feet of a school bus route stop designated by the school district.

Importantly, the legislature had amended RCW 9.94A.533(6) in 2006 in light of our Supreme Court's decision in *Jacobs*. LAWS OF 2006, ch. 339, § 301. There, our high court, construing former RCW 9.94A.533(6) (2002),[2] ruled that the provision was ambiguous as to whether the enhancements should be applied concurrently or consecutively. *Jacobs*, 154 Wn.2d at 599. Consequently, the court applied the rule of lenity and remanded the case to the sentencing court with instructions to impose the two enhancements concurrently rather than consecutively. *Jacobs*, 154 Wn.2d at 604.

After *Jacobs*, the legislature amended RCW 9.94A.533(6), adding the second sentence to specify that courts are to impose drug zone enhancements "consecutively to all other sentencing provisions." RCW 9.94A.533(6); H.B. REP. ON ENGROSSED SECOND SUBSTITUTE H.B. 6239, 59th

---

[2] Former RCW 9.94A.533(6) read, "'[T]wenty-four months shall be added to the standard sentence range for any ranked offense involving a violation of chapter 69.50 RCW . . . if the offense was also a violation of RCW 69.50.435 or 9.94A.605.'" *Jacobs*, 154 Wn.2d at 601 (footnotes omitted). One of the two sentencing enhancements at issue there was also a school bus stop enhancement.

Leg., Reg. Sess., at 7 (Wash. 2006). The legislature summarized this portion of the amendment by stating that "[s]tatutory language is clarified to specify that all sentence enhancements relating to violations of the [Uniform Controlled Substances Act, ch. 69.50 RCW,] in drug-free zones are to be run consecutively to all other sentencing provisions for all sentences under the [SRA]." H.B. REP. ON ENGROSSED SECOND SUBSTITUTE H.B. 6239, 59th Leg., Reg. Sess., at 12 (Wash. 2006).

Additionally, the House Bill Analysis also states that the intent of the amendment is in part to "[c]larif[y] that all sentence enhancements relating to violations of the Uniform Controlled Substance Act in drug-free zones are to be run consecutively (*instead of concurrently*) to all other sentencing provisions." HOUSE CRIMINAL JUSTICE & CORRECTIONS COMM. H.B. ANALYSIS ON ENGROSSED SECOND SUBSTITUTE H.B. 6239, at 2, 59th Leg., Reg. Sess. (Wash. 2006) (emphasis added). Our courts have recognized that "[t]he acknowledged purpose of the amendment was to overturn the decision in [*Jacobs*]." *Gutierrez v. Dep't of Corr.*, 146 Wn. App. 151, 155-56, 188 P.3d 546 (2008).

Medina contends that despite the statute's amended language, the sentencing court nevertheless erred by imposing the three school bus stop enhancements consecutively because RCW 9.94A.533(6) does not specifically say that school bus stop enhancements run consecutively to other school bus stop enhancements. To support his position, Medina cites the statutory provision which governs firearm enhancements and states specifically that all firearm enhancements run consecutively to all other sentencing provisions, "including other firearm or deadly weapon enhancements." RCW 9.94A(533)(3)(e). Medina urges us to conclude that the absence of similar language in the school bus stop enhancement provision evinces a different legislative intent.

5

But Medina's argument is unpersuasive because the legislative history underlying the 2006 amendment establishes that the trial court did not err by applying the enhancements consecutively. While Medina is correct that the provisions governing other categories of sentencing enhancements do use more specific language, he nevertheless fails to demonstrate how RCW 9.94A.533(6) does not require a sentencing court to apply multiple enhancements consecutively to one another.

The statute directs court to impose enhancements to run consecutively "to all other sentencing provisions." RCW 9.94A.533(6). Medina does not contend that the school bus stop enhancements do not constitute "other sentencing provisions."[3] Indeed, the language of the related provisions suggests otherwise. As mentioned, RCW 9.94A.533(3)(e) states that firearm enhancements run consecutively to all other sentencing provisions, including other firearm enhancements.

And while Medina is correct that a different legislative intent is presumed where the legislature uses certain language in one instance but different or dissimilar language in another, *State v. Scherz*, 107 Wn. App. 427, 435, 27 P.3d 252 (2001), there is evidence here to suggest that there was no different intent.

To the extent that the statute is ambiguous, the relevant legislative history establishes that the legislature intended multiple school bus stop enhancements to run consecutively to the underlying offense and to each other. As mentioned, the legislature specifically stated that its purpose in amending RCW 9.94A.533(6) was to clarify that the enhancements are to run

---

[3] Medina also does not contend that "other" provisions refers to all sentencing provisions excluding the same category of enhancement.

consecutively. H.B. REP. ON ENGROSSED SECOND SUBSTITUTE H.B. 6239, 59th Leg., Reg. Sess., at 12 (Wash. 2006). The legislature specifically sought to avoid the result in *Jacobs*. *Gutierrez*, 146 Wn. App. at 155-56. If the legislature intended multiple enhancements to run concurrently, there would have been no reason to address our Supreme Court's holding in *Jacobs*.

For the foregoing reasons, we hold that Medina's claim fails. Accordingly, we hold that the sentencing court did not err in applying Medina's three school bus stop enhancements consecutively.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.

JOHANSON, C.J.

We concur:

Bjorgen, A.C.J.

BJORGEN, J.

Sutton, J.

SUTTON, J.