**IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75993-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| STEVEN VAN NOY, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: May 7, 2018 |

SPEARMAN, J. — The Drug Offender Sentencing Alternative (DOSA), RCW 9.94A.660, authorizes a sentencing court to impose an alternative sentence when certain statutory conditions are met. As relevant here, a person is eligible for a DOSA sentence if "[t]he offender has not received a drug offender sentencing alternative more than once in the prior ten years before the current offense." RCW 9.94A.660(1)(g). We are asked to decide whether "before the current offense" means "before commission of the current offense" or "before sentencing on the current offense." The plain language of the statute indicates that the former reading is correct.

Steven Van Noy was taken into custody after committing a series of crimes in Pierce, King, and Snohomish Counties. He was sentenced separately in each county. In Pierce and King Counties, Van Noy received DOSA

sentences. When he was sentenced in Snohomish County, the court ruled that it did not have discretion to consider a DOSA because of Van Noy's Pierce and King County sentences. But because the Pierce and King County sentences were imposed after Van Noy committed the Snohomish County offenses, they did not render Van Noy ineligible for a DOSA sentence. We reverse and remand for resentencing.

## FACTS

Van Noy became addicted to opioids and methamphetamine in 2014. In 2015, he committed several criminal offenses in Pierce, King, and Snohomish Counties.[1] In July 2015, Van Noy pleaded guilty to residential burglary, second degree identity theft, and unlawful possession of a firearm in Snohomish County. He sought a DOSA and the court ordered a risk assessment and chemical dependency evaluation. Van Noy did not participate in the assessments and he failed to appear for sentencing. A warrant was issued for his arrest. Van Noy was taken into custody in Pierce County at the end of 2015.

In March 2016, Van Noy was sentenced in Pierce County on three cases involving forgery, identity theft, burglary, and possession with intent to deliver. He received a prison-based DOSA sentence for these convictions. In June 2016, Van Noy pleaded guilty to one count of second degree burglary in King County. He was sentenced to a prison-based DOSA to run concurrently with the Pierce

---

[1] Van Noy's Snohomish County offenses were committed on February 28, 2015. His King County offenses were committed on June 22, 2015. The record does not specify the dates of Van Noy's Pierce County offenses.

County sentence. The judgment and sentence includes the following handwritten finding:

> The court finds that Δ is eligible for DOSA, because this DOSA was imposed <u>after</u> Pierce Co. causes (above), but before treatment has commenced. The court finds that this is not a separate DOSA for purposes of statutory provision against no more than 2 DOSA's per 10-yr. period.[2]

Clerk's Papers (CP) at 50.

Van Noy appeared for sentencing on his Snohomish County offenses in October 2016. He requested a prison-based DOSA to run concurrently with the Pierce and King County sentences. He argued that all of his offenses occurred within a short period of time and were caused by his recent addiction to heroin and methamphetamine.

The sentencing court ruled that Van Noy was statutorily ineligible for a DOSA sentence. The court noted that, if the parties had agreed to sentence Van Noy's Pierce, King, and Snohomish County offenses in the same court, he could have received a DOSA for all of them. But the court ruled that, because Van Noy had received DOSA sentences in Pierce County and King County in the previous ten years, it did not have discretion to consider a DOSA. The court imposed a non-DOSA sentence running concurrently with Van Noy's Pierce and King County sentences.

---

[2] The King County sentencing judge appeared to conclude that because Van Noy had not yet commenced substance abuse treatment, the King and Pierce County DOSA sentences were a single DOSA sentence, thus making Van Noy DOSA eligible in Snohomish County. This is incorrect. As we explain below, the statute provides that DOSA eligibility is determined by the number of DOSA sentences a person has received before commission of the current offense. Whether the offender has commenced treatment on a DOSA sentence is irrelevant to the issue of DOSA eligibility.

3

## DISCUSSION

Van Noy appeals his sentence, contending the trial court erred in ruling that it did not have discretion to consider a DOSA. He asserts that the ruling rests on an erroneous interpretation of the DOSA statute.

Statutory interpretation is a question of law that we review de novo. State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010) (citing In re Det. of Williams, 147 Wn.2d 476, 486, 55 P.3d 597 (2002)). Our primary objective in interpreting a statute is to discern the intent of the legislature. Id. (citing State v. Jacobs, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)). We begin with the statute's plain meaning, as evident from the text of the statute, related provisions, and the statutory scheme as a whole. Id. (citing Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). We give words their ordinary meaning unless the legislature has indicated a contrary intent. Id. (citing Ravenscroft v. Wash. Water Power Co., 136 Wn.2d 911, 920-21, 969 P.2d 75 (1998)).

The DOSA statute, RCW 9.94A.660, is part of the Sentencing Reform Act (SRA). It authorizes a trial court to impose an alternative sentence including meaningful substance abuse treatment and rehabilitation incentives when this is in the best interest of the offender and the community. State v. Grayson, 154 Wn.2d 333, 343, 111 P.3d 1183 (2005). An offender who receives a DOSA sentence serves about one-half of a standard range sentence in prison and receives substance abuse treatment while incarcerated. Id. at 337-38 (citing RCW 9.94A.660). For the balance of the sentence, the offender receives supervised treatment in the community. Id. at 338 (citing RCW 9.94A.660(2)). A

4

DOSA sentence may be revoked if the offender fails to comply with its conditions. Id.

An offender must meet seven conditions to be eligible for a DOSA sentence. RCW 9.94A.660(1). The condition at issue in this case limits eligibility to offenders who have "not received a drug offender sentencing alternative more than once in the prior ten years before the current offense." RCW 9.94A.660(1)(g) (emphasis added). The parties dispute whether "before the current offense" means before the offender committed the current offense or before sentencing on the current offense.

Van Noy contends "current offense" generally refers to the commission of an offense. He asserts that, where the date of conviction or the date of sentencing is at issue, the legislature expressly states "before conviction of the current offense" or "before sentencing on the current offense." The State's position is that the phrase "current offense" refers to the date of sentencing, not the date of the offense.

We first look to the language of the statute. Because the SRA does not define "offense," we use the ordinary meaning of the word. An offense is "an infraction of law." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1566 (2002). Synonyms are "crime" and "misdemeanor." Id. An offense thus occurs when a person commits an act that violates the law.

This meaning is clear in three of the eligibility conditions set out in RCW 9.94A.660(1), which require the court to consider the type or circumstances of the crime for which the offender is being sentenced. A person is eligible if:

(a) The offender is convicted of a felony that is not a violent offense or sex offense and the violation does not involve a sentence enhancement under RCW 9.94A.533 (3) or (4);

(b) The offender is convicted of a felony that is not a felony driving while under the influence of intoxicating liquor or any drug under RCW 46.61.502(6) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug under RCW 46.61.504(6);

...

(d) For a violation of the Uniform Controlled Substances Act under chapter 69.50 RCW or a criminal solicitation to commit such a violation under chapter 9A.28 RCW, the offense involved only a small quantity of the particular controlled substance as determined by the judge upon consideration of such factors as the weight, purity, packaging, sale price, and street value of the controlled substance; . . .

RCW 9.94A.660(1)(a)(b)(d). In each of these provisions, the SRA directs the sentencing court to consider the nature of the act that violated the law. To do so, the court must consider the commission of the offense.

The statute continues by setting out the condition at issue in this case, under which an offender is eligible for a DOSA if he or she "has not received a drug offender sentencing alternative more than once in the prior ten years before the current offense." RCW 9.94A.660(1)(g). In context, this condition also directs the sentencing court to consider the commission of the current offense to determine whether it occurred despite prior DOSA sentences.

This reading is consistent with the statutory scheme as a whole. While DOSA serves to provide meaningful substance abuse treatment and rehabilitation incentives, opportunities for rehabilitation are not unlimited. Grayson, 154 Wn.2d at 338, 343. An offender's inability or unwillingness to comply with conditions imposed as part of a DOSA sentence is evidence that the

alternative sentence is not in the best interest of the offender or the community. A DOSA sentence may thus be revoked for noncompliance. Id. at 338. Similarly, the commission of a drug-related offense despite more than one DOSA sentence in the prior ten years is evidence that DOSA is not appropriate. The limitation on eligibility in RCW 9.94A.660(1)(g) addresses this scenario and makes such an offender ineligible. We conclude that, in determining eligibility under RCW 9.94A.660(1)(g), the relevant date is when the offender committed the offense, not when he was sentenced for it.

The State contends, however, that the SRA uses the phrase "current offense" to refer to the date of sentencing. The State points to the offender score statute, RCW 9.94A.525(1), which distinguishes between current and prior offenses for sentencing purposes:

> A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed. Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.589.

RCW 9.94A.525(1). Under this statute, all convictions entered or sentenced on the same day are "'other current offenses.'" The statute also references RCW 9.94A.589, under which "other current offenses" are treated as prior convictions for purposes of calculating the offender score and generally run concurrently with each other rather than consecutively. RCW 9.94A.589(1)(a).

Washington courts have addressed these statutes in challenges to consecutive sentences. See In re Finstad, 177 Wn.2d 501, 507, 301 P.3d 450

7

(2013) (discussing RCW 9.94A.525(1) in a challenge to consecutive sentences); State v. Rasmussen, 109 Wn. App. 279, 283-84, 34 P.3d 1235 (2001) (considering a challenge to consecutive sentences under former RCW 9.94A.400 (recodified as RCW 9.94A.589 by Laws of 2001, ch. 10 § 6)). The State relies on these cases to assert that the phrase "current offense" necessarily refers to the date of sentencing. Thus, according to the State, "ten years before the current offense" in RCW 9.94A.660(1)(g) means "ten years before sentencing on the current offense."

We reject this argument. The authority the State relies on considers the phrase "current offense" in a different context. Whether Van Noy's Pierce, King, and Snohomish County offenses were "other current offenses" for the purpose of calculating the offender score or determining concurrent or consecutive terms is not at issue.

Contrary to the State's assertion, the phrase "current offense" in the SRA does not necessarily refer to the date of sentencing. Expressly or through context, the SRA frequently requires the sentencing court to look to the commission of the current offense. See, e.g., RCW 9.94A.345 (the governing law is that "in effect when the current offense was committed"); RCW 9.94A.535(3)(a) (an aggravating factor exists where the court finds that "the defendant's conduct during the commission of the current offense manifested deliberate cruelty"); RCW 9.94A.030(32) (for purposes of determining aggravating factor in a crime of domestic violence, "[m]inor child" is one "who is under age eighteen at the time of the offender's current offense"); RCW 9.94A.535(1)(j) (mitigating factor exists

8

where "[t]he current offense involved domestic violence" and the defendant acted in response to a pattern of abuse by the victim); RCW 9.94A.535(3)(m) (aggravating factor where the current offense involved a high degree of planning). RCW 9.94A.670(2)(c) (an offender is eligible for a Special Sex Offender Sentencing Alternative if he has no prior convictions "for a violent offense that was committed within five years of the date the current offense was committed").

In contrast, where the relevance of the current offense is the date of sentencing or the date of conviction, the SRA expressly instructs the sentencing court to consider those dates.[3] See, e.g., RCW 9.94A.660(1)(c) (no prior convictions "within ten years before conviction of the current offense") (emphasis added); RCW 9.94A.525(1) (prior conviction is one that exists "before the date of sentencing" on the current offense) (emphasis added).

The DOSA statute itself contains two different uses of the phrase "current offense." The condition of eligibility set out in RCW 9.94A.660(1)(c), like the provision at issue in this case, ties eligibility to previous convictions. But the two provisions use different language. Under .660(1)(c), an offender is ineligible if he has any convictions for a violent offense "within ten years before conviction of the current offense. . . ." Under RCW 9.94A.660(1)(g) an offender is ineligible if he has received more than one DOSA sentence "in the prior ten years before the current offense." The different language in .660(1)(c) and .660(1)(g) signals a

---

[3] The parties point to no instance in which, absent express language, context requires the court to look to the date of sentencing or the date of conviction.

different legislative intent. State v. Conover, 183 Wn.2d 706, 712-13, 355 P.3d 1093 (2015) (citing State v. Roberts, 117 Wn.2d 576, 585, 817 P.2d 855 (1991)). The former provision sets out a period of time ending with conviction of the current offense. The latter provision sets out a period of time ending with the current offense.

The statute at issue in this case, RCW 9.94A.660(1)(g), does not expressly direct the court to the current offense's date of sentencing or date of conviction. The surrounding provisions and the statutory scheme as a whole indicate that the sentencing court must consider the offense at the time it occurred. By the plain language of the statute, we conclude that "ten years before the current offense" means "ten years before the current offense was committed."

The trial court erred in reading "the prior ten years before the current offense" to mean "the prior ten years before the date of sentencing on the current offense." Because Van Noy's Snohomish County offense occurred before he received DOSA sentences in Pierce and King County, he was not ineligible under RCW 9.94A.660(1)(g). We reverse Van Noy's sentence and remand for resentencing.

Van Noy also asserts that the sentence imposed on count 2, Identity Theft in the Second Degree, exceeds the statutory maximum. The State concedes the error. The parties agree that the sentence must be amended to reduce the term of community custody so that the total sentence on count 2 is within the statutory maximum. We remand for amendment of Van Noy's sentence on count 2.

Reversed and remanded for resentencing.

WE CONCUR:

_Leach, J._

_Spearman, J._

_Cox, J._