**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53470-3-II |
| Respondent, | consolidated with No. 53480-1-II No. 53490-8-II |
| v. | |
| MIRIAM ELIZABETH WHITMAN, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Miriam Elizabeth Whitman appeals her sentence, arguing ineffective assistance of counsel because her attorney misstated the law regarding eligibility for a Drug Offender Sentencing Alternative (DOSA), RCW 9.94A.660. Specifically, defense counsel stated that Whitman was not eligible for a DOSA and, therefore, counsel was not requesting one. The State concedes counsel misstated the relevant eligibility standard during sentencing, and the trial court did not consider a DOSA. We accept the State's concession and remand for resentencing.

FACTS

In 2018, Whitman was terminated from drug court. As a result, the court entered findings of fact and conclusions of law finding her guilty of one count of burglary in the second degree, one count of theft in the third degree, and one count of bail jumping.

At sentencing, defense counsel told the trial court that he was not asking the court to consider a DOSA sentence because one was not legally possible. Defense counsel explained that Whitman was being sentenced under three different cause numbers. Counsel apparently believed that this precluded a DOSA sentence.

Whitman appeals her sentence.

ANALYSIS

Whitman argues, and the State concedes, that defense counsel was ineffective because he incorrectly interpreted RCW 9.94A.660(1)(g). We accept the State's concession and remand for resentencing to consider whether a DOSA sentence is appropriate.

A criminal defendant has a constitutional right to be represented by counsel. U.S. CONST., amends. VI, XIV; WASH. CONST. art. I, §§ 3, 22. Counsel renders ineffective assistance when they are deficient and that deficiency prejudices the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If counsel erroneously represents to the court that a sentencing alternative is not authorized, and the sentencing court does not consider the sentencing alternative, then counsel's performance may be deemed deficient. *See State v. Adamy*, 151 Wn. App. 583, 588, 213 P.3d 627 (2009).

A defendant is ineligible for a DOSA sentence if they have received more than one DOSA sentence in the 10 years prior to the current offense. RCW 9.94A.660(1)(g). This limitation applies only where the prior DOSA was imposed before the defendant committed the current offense. *State v. Van Noy*, 3 Wn. App. 2d 494, 495, 503, 416 P.3d 751 (2018).

Here, defense counsel told the trial court that he would normally request a prison-based DOSA in these circumstances, but he was legally unable to because Whitman had been convicted under three cause numbers, thus making any DOSA request one for more than three DOSA sentences in a 10 year period. The State concedes that this was a misinterpretation of the statute.

Though the trial court did not discuss a possibility or preference for imposing a DOSA, the State concedes that the appropriate remedy is to remand for resentencing to consider a DOSA sentence based on ineffective assistance of counsel.

CONCLUSION

Because defense counsel was deficient and the trial court did not consider the possibility of a DOSA sentence, we accept the State's concession and remand to the trial court to resentence Whitman and consider whether a DOSA sentence is appropriate.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, C.J.

Worswick, J.