IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No.  37780-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| KEVIN P. EHLERT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Under RCW 9.94A.660(1), an offender is eligible for a

drug offender sentencing alternative (DOSA) if they meet seven conditions.  One

condition requires the offender to not have "received" a DOSA more than once in the

prior 10 years before the current offense.  RCW 9.94A.660(1)(g).

Four years before Kevin Ehlert's current offense, a court imposed two DOSA

sentences on separate days but ordered that they be served concurrently.  The question

presented is whether a person "receives" a DOSA at sentencing or whether a person

"receives" a DOSA through a course of treatment and rehabilitation.  We hold that a

person "receives" a DOSA through a course of treatment and conclude that Ehlert's prior

concurrent sentences do not render him ineligible for a DOSA. We remand for the trial

court to decide whether to grant Ehlert a DOSA.

FACTS

*Prior DOSA sentences*

In 2016, Ehlert was terminated from drug court on several charges unrelated to the

current offenses. The charges were tried in two bench trials. Both trials resulted in guilty

verdicts. Separate DOSA sentences were entered within weeks of each other. The

resulting sentences were expressly made to run concurrent with each other. Ehlert

successfully completed his DOSA in early June 2020.

*Current offenses*

On June 17, 2020, police responded to a reported burglary at a Fred Meyer store in

Spokane Valley, Washington. Surveillance footage showed a man driving a silver

minivan pull up near the garden center, cut a padlock with bolt cutters, enter the gate, and

remove several pieces of store merchandise. The store's loss prevention officer

recognized Ehlert and his distinctively damaged silver minivan from previous

investigations.

Police arrested Ehlert later that day while he was driving the minivan. The missing

merchandise was not in the van. During a search incident to arrest, police discovered

under one-half of a gram of methamphetamine in Ehlert's front pocket.

The State charged Ehlert by amended information with second degree burglary (count 1), third degree malicious mischief (count 2), second degree retail theft with special circumstances (count 3), and possession of a controlled substance (count 4). A jury found Ehlert guilty as charged.

*Sentencing on current offenses*

Ehlert requested a prison-based DOSA with all convictions running concurrent with one another. The State opposed the request, contending Ehlert was ineligible under the DOSA statute because he had two prior DOSA sentences. Ehlert responded that because the two DOSA sentences were the subject of only one course of treatment, they should count as only one DOSA sentence for eligibility purposes. The court remarked that a DOSA would be appropriate for Ehlert but concluded that the statute removed its discretion. The court accordingly imposed a standard range concurrent sentence.

Ehlert timely appealed.

## ANALYSIS

DOSA ELIGIBILITY

Ehlert contends the sentencing court erred in interpreting RCW 9.94A.660 to preclude his eligibility for a prison-based DOSA sentence. We agree.

3

The DOSA statute authorizes a court to impose an alternative sentence, including substance abuse treatment and rehabilitation incentives, when this would be in the best interests of the defendant and the community. *State v. Grayson*, 154 Wn.2d 333, 343, 111 P.3d 1183 (2005). The DOSA program is part of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, the purposes of which include protecting the public and offering offenders the opportunity to improve themselves. *See* RCW 9.94A.010. Under a DOSA sentence, the offender serves one-half of the standard range sentence in prison and the remaining one-half of the sentence in the community with supervised treatment. *Grayson*, 154 Wn.2d at 337-38. A DOSA sentence may be revoked for noncompliance. *State v. Van Noy*, 3 Wn. App. 2d 494, 498, 416 P.3d 751 (2018). Accordingly, DOSA participants have significant incentive to comply with conditions because failure to do so results in them serving the remainder of their sentence in prison. RCW 9.94A.660(2); *Grayson*, 154 Wn.2d at 337-38.

4

To be eligible for a DOSA sentence, offenders must meet seven conditions. *See*

former RCW 9.94A.660(1)(a)-(g) (2019).[1] The condition at issue requires "[t]he offender

has not received a drug offender sentencing alternative more than once in the prior ten

years before the current offense." RCW 9.94A.660(1)(g).

The meaning of a statute is a question of law that we review de novo. *State v.*

*Wooten*, 178 Wn.2d 890, 895, 312 P.3d 41 (2013). When engaging in statutory

interpretation, our goal is to ascertain the legislature's intent. *State v. Yancey*, 193 Wn.2d

26, 30, 434 P.3d 518 (2019). "The surest indication of legislative intent is the language

enacted by the legislature, so if the meaning of a statute is plain on its face, we 'give

effect to that plain meaning.'" *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010)

---

[1] (a) The offender is convicted of a felony that is not a violent offense or sex offense and the violation does not involve a sentence enhancement under RCW 9.94A.533(3) or (4);
  (b) The offender is convicted of a felony that is not a felony driving while under the influence . . . ;
  (c) The offender has no current or prior convictions for a sex offense . . . ;
  (d) For a violation of the Uniform Controlled Substances Act . . ., the offense involved only a small quantity of the particular controlled substance as determined by the judge . . . ;
  (e) The offender has not been found by the United States attorney general to be subject to a deportation detainer or order . . . ;
  . . . .
  (g) The offender has not received a drug offender sentencing alternative more than once in the prior ten years before the current offense.

(internal quotation marks omitted) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). Plain meaning may be discerned "by considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *State v. Dennis*, 191 Wn.2d 169, 172-73, 421 P.3d 944 (2018). If there is more than one reasonable interpretation of the plain language, then the statute is ambiguous and we may turn to other interpretive aids, including relevant case law. *Id.* at 173; *Campbell & Gwinn*, 146 Wn.2d at 12.

The parties focus on the meaning of "received" in RCW 9.94A.660(1)(g). The term is not defined in the statute so we consider its common and ordinary meaning. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). We may look to the dictionary to determine this meaning. *Id.* "Received" is defined as "to take in or accept" and "to be the subject of : UNDERGO, EXPERIENCE." MERRIAM-WEBSTER'S DICTIONARY AND THESAURUS 670 (2007).

The plain language of the statute is susceptible to two reasonable interpretations. One is the State's interpretation: an offender receives—takes or accepts—a DOSA each time they are given a DOSA sentence. That would disqualify Ehlert from a DOSA because he received two DOSA sentences. The other is Ehlert's interpretation: an offender receives—undergoes or experiences—a DOSA each time they receive a course

of treatment. This would not disqualify Ehlert from a DOSA because his prior concurrent

DOSA sentences caused him to undergo or experience only one course of treatment. We

conclude the subsection is ambiguous, so we must go beyond the statute's language to

determine the legislature's intent.

Both Ehlert and the State direct us to the court's analysis of the legislative intent in

*Van Noy*. There, the defendant committed several crimes in Pierce, King, and Snohomish

Counties. 3 Wn. App. 2d at 495. Prior to sentencing on the Snohomish County charge,

King County sentenced the defendant to a DOSA to be served concurrent with the Pierce

County DOSA. *Id.* at 496. The Snohomish County court determined that the prior

concurrent sentences disqualified the defendant from a DOSA sentence. *Id.* The

defendant appealed. *Id.* at 497.

The *Van Noy* court did not construe the word "received" in reaching its decision.

Rather, it construed the last four words in RCW 9.94A.660(1)(g)—"before the current

offense." *Id.* at 498. The *Van Noy* court held that "before the current offense" means

before the offender *committed* the current offense. *Id.* at 500. The court concluded that

the defendant was eligible for a DOSA because he committed the current offense before

he received his two DOSA sentences. *Id.* at 503.

No. 37780-6-III
*State v. Ehlert*

In reaching its conclusion, the *Van Noy* court discussed the legislative intent of

RCW 9.94A.660(1)(g):

> In context, this condition . . . directs the sentencing court to consider . . . whether [the current offense] occurred despite prior DOSA sentences.
>
> . . . *While a DOSA serves to provide meaningful substance abuse treatment and rehabilitation incentives, opportunities for rehabilitation are not unlimited. Grayson*, 154 Wn.2d at 338, 343. . . . [T]he commission of a drug-related offense despite more than one DOSA . . . is evidence that a DOSA is not appropriate. The limitation on eligibility in RCW 9.94A.660(1)(g) addresses this scenario and makes such an offender ineligible.

*Id.* at 500 (emphasis added). Indeed, opportunities for treatment and rehabilitation are not

unlimited. The legislature limited these opportunities to not "more than once in the prior

ten years before the current offense." RCW 9.94A.660(1)(g). Because two DOSA

sentences served concurrently provide an offender with only one opportunity for

treatment and rehabilitation, we hold that such sentences do not render an offender

ineligible under RCW 9.94A.660(1)(g) for a subsequent DOSA.

The State directs us to language in *Van Noy* that is contrary to our holding. In a

footnote, the *Van Noy* court said that the concurrent King County and Pierce County

sentences were not a single DOSA. *Van Noy*, 3 Wn. App. 2d at 497 n.2. This statement

is nonbinding dicta. The court decided the question before it on a different basis. Also,

the dicta is inconsistent with the above-quoted discussion in *Van Noy*, which confirms

8

that the legislature intended to give an offender a second opportunity for treatment and rehabilitation.

Ehlert received only one opportunity for treatment and rehabilitation. Unfortunately, he reoffended soon after completing his concurrent DOSA sentences. Nevertheless, the legislature intended that he have a second opportunity for treatment and rehabilitation. Ehlert is eligible for a DOSA despite receiving one course of treatment in two concurrent sentences. We remand for the trial court to exercise its discretion whether to permit Ehlert a DOSA.[2]

Remand for resentencing.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.

---

[2] In supplemental briefing, the parties agree that Ehlert's possession of a controlled substance conviction must be vacated pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). On remand, we direct the trial court to strike that conviction from Ehlert's felony judgment and sentence.